FURGASON v. DUNN.

1. SPECIFIC PERFORMANCE—ORAL CONTRACT—BURDEN OF PROOF—RECORD.

In suit for specific performance of alleged oral contract of defendant civil war veteran to leave home to plaintiff and his late wife, defendant's daughter, if they would give up farming and move to town and make a home for him, record sustained trial court's finding that plaintiff had sustained the burden of proving the contract as alleged.

2. SAME—ORAL CONTRACT TO LEAVE PROPERTY—INJUNCTION—MODIFICATION OF DECREE.

In suit for specific performance of civil war veteran's oral contract to leave home to plaintiff and his late wife, defendant's daughter, in return for their giving up farming and moving to town to make a home for him and to enjoin' defendant's eviction proceedings commenced after death of plaintiff's wife, portions of decree granting defendant the right to elect whether he would make his home with plaintiff on the premises or have the exclusive use thereof with fee title in plaintiff is vacated and injunctive relief prayed for, granted.

Appeal from Lenawee; Rathburn (G. Arthur), J. Submitted October 5, 1939. (Docket No. 57, Calendar No. 40,547.) Decided February 14, 1940. Rehearing denied April 1, 1940.

Bill by Edward Furgason against John A. Dunn for specific performance of an oral contract to convey land, an injunction and other relief. Decree for plaintiff. Defendants appeal. Remanded for modification.

*Richard F. Roe,* for plaintiff.

*Glenn L. Williams,* for defendant.

McALLISTER, J. Plaintiff and his wife had been engaged in farming in the vicinity of Tecumseh for a period of 21 years prior to 1926. Plaintiff's wife was the daughter of defendant, a civil war veteran, who for some years prior to the time above-mentioned had been residing in the soldiers' home at Grand Rapids. On a visit to his daughter and son-in-law, defendant proposed, as is claimed by plaintiff, that he would purchase a house in Tecumseh, if plaintiff and his wife would agree to make a home there for him; and in consideration of such an agreement, he stated that he would leave the home to them after his death. Plaintiff claims he and his wife consented to such an agreement and that thereafter defendant purchased such a house. Plaintiff and his wife gave up farming and went to live in Tecumseh in the new home. Defendant for the first few years did not live continuously with his daughter and son-in-law, but commencing in 1933 he spent most of his time there, occasionally traveling back to the soldiers' home for a short stay from time to time. In March, 1938, plaintiff's wife died. Shortly there-

after defendant told plaintiff that defendant's other daughter was coming to make her home there and that he wanted plaintiff to move out of the premises. It seems to be conceded that defendant further told plaintiff that he would give him $500 if he would move out without causing any trouble. At the time plaintiff appears to have been suffering considerable anguish because of the death of his wife. He did not want to leave his home where they had lived together for the previous 12 years, and although he did not enter into a controversy with defendant, he continued to reside in the home. Defendant, on June 2, 1938, commenced summary proceedings for possession of the premises, and shortly thereafter plaintiff filed his bill of complaint and caused an injunction to be issued, restraining defendant from the prosecution of such summary proceedings and asking specific performance of the alleged contract. Plaintiff's bill was founded upon the alleged oral agreement in which it was claimed defendant had promised to leave the home to him and his wife at the time of defendant's death, in consideration of their making a home for him in his remaining years. The trial court found that such an agreement was entered into between the parties. Defendant appeals.

It is claimed by defendant that the alleged agreement was not proved by a preponderance of the evidence. Plaintiff himself was a witness and testified that defendant "said if we would give up farming, move to town, make a home for him, he would buy a place in Tecumseh, pay for it, and if we took care of him as long as he lived, in his sickness, he would fix it up so when he was through with it, it would be ours, wife and mine." Plaintiff's son, Bernard, also testified to the fact that such an agreement had been made by defendant; another son, Leonard, testified that defendant told him that when defendant "was

done with it, it belonged to my folks." John Jones, a disinterested witness, stated that defendant had told him that he had made a bargain with plaintiff and his wife to come down and make a home for him and that it was going to be their home "as quick as I get through with it." Claimed inconsistencies in plaintiff's testimony as compared to his conduct do not detract from the substantial nature of the evidence supporting the decree in his favor. On a review of the record, we are of the opinion that plaintiff sustained the burden of proving the contract as alleged.

In his bill, plaintiff asked that defendant "be permanently enjoined from selling, assigning, mortgaging or otherwise disposing of the lands and premises * * * and from ousting or attempting to oust the plaintiff from the possession thereof, and from interfering in any manner or preventing the plaintiff in the performance of his obligation under the aforesaid agreement." The trial court, having found that the agreement in question was entered into between the parties, adjudged that defendant would have not to exceed five days from the date of the decree in which to elect whether he desired to make his home with plaintiff on the premises, or whether he desired the exclusive use thereof during the remainder of his life; that if defendant elected to accept the exclusive use thereof, plaintiff would be required to vacate the premises within seven days after the filing of such election; and the court further decreed fee title to the premises to be in plaintiff, subject to the aforesaid rights of defendant, according to the agreement. In this regard, we are of the opinion that the decree of the trial court should be modified by vacating that portion which granted plaintiff the relief above set forth, and that,

in lieu thereof, the decree should grant the injunctive relief prayed for.

The suit is, therefore, remanded to the circuit court for a decree in conformity with this determination, and is, in all other matters, affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.