## GUZOREK *v.* WILLIAMS.

1. SPECIFIC PERFORMANCE—ORAL CONTRACT—FINDINGS—EVIDENCE.

   In suit for specific performance of an oral contract to convey real and personal property, record supported finding of trial court that defendant and his late wife had purchased a nearby 15-acre farm to which plaintiffs moved from out of the State and thereafter resided in order that defendant and wife, then a childless couple upwards of 70 years of age, might receive personal care and companionship, that plaintiffs performed their part of the contract until defendant's conduct made it practically impossible for them to do so, that they were ready and willing to perform under appropriate conditions, and that plaintiffs were entitled to defendant's property upon his death.

2. FRAUDS, STATUTE OF—ORAL AGREEMENTS TO CONVEY PROPERTY.

   Oral agreements to convey property in consideration of services to be rendered are within the application of the statute of frauds (3 Comp. Laws 1929, § 13413).

3. SAME—PERFORMANCE BY ONE PARTY—EQUITY.

   If one party to an oral contract, in reliance thereupon, has performed his obligation thereunder so that it would be a fraud upon him to allow the other party to repudiate the contract by interposing the statute of frauds, equity will regard the contract as removed from the operation of the statute (3 Comp. Laws 1929, § 13413).

4. SPECIFIC PERFORMANCE—ORAL CONTRACTS—EVIDENCE.

   In order to grant specific performance of an oral agreement to convey property the contract must be established by clear and convincing evidence.

5. SAME—ORAL CONTRACTS TO CONVEY PROPERTY—PERFORMANCE—DECREE.

   In suit for specific performance of an oral contract to convey property to plaintiffs in return for their care and companionship of defendant and his late wife, made when the latter were upwards of 70 years of age and childless, decree awarding some property to plaintiffs and restraining defendant, the surviving husband, from conveying his property to others except such as might be necessary for the reasonable cost of

When oral contract to convey land specifically enforceable, see 1 Restatement, Contracts, § 197.

his personal maintenance, last sickness and burial expenses *held,* justified in view of plaintiffs' performance as long as permitted by defendant.

Appeal from Berrien; Evans (Fremont), J. Submitted January 7, 1942. (Docket No. 44, Calendar No. 41,644.) Decided March 17, 1942.

Bill by Frank Guzorek and wife against Willard M. Williams for specific performance of an oral contract to convey real estate and other property, an injunction and other relief. Decree for plaintiffs. Defendant appeals. Affirmed.

*Charles W. Gore* and *Arthur E. Leckner,* for plaintiffs.

*Clarence E. Butler,* for defendant.

SHARPE, J. This is a suit for specific performance of an oral contract to convey real estate and personal property and for other relief by way of injunction.

Prior to 1933, plaintiffs had been residents of Berrien county, Michigan. While living in Michigan, plaintiff Frank Guzorek had some farming experience, although his main trade or occupation was that of a machinist. In 1933, plaintiffs moved to Chicago where Frank Guzorek was employed at his trade as machinist earning an average wage of $25 per week. His wife, Lucile, was employed as a waitress from which her income amounted to approximately $18 per week. Plaintiff Lucile Guzorek became acquainted with defendant when she was a little girl and frequently visited the home of defendant and his wife. Frank Guzorek became acquainted with defendant and wife shortly after he

married Lucile. A friendship sprang up between the parties which continued until 1938.

Defendant is 78 years of age and his wife was 74 when she died in 1938. They were childless and had no near relatives. They resided near the village of Sodus. Sometime during the year 1933, conversations were had between the parties whereby the defendant and wife expressed their desire to have plaintiffs come to Michigan and live near them and care for them during the remainder of their lives. Defendant and wife offered to purchase a farm for plaintiffs on which they could take up their residence with their children. These negotiations were carried on by personal meetings and correspondence and continued until 1935.

Plaintiffs claim they were to leave their employment and home in Chicago and establish their residence in Michigan on a farm of 15 acres near the home of defendant and wife. They were to give defendant and wife their companionship and help them in case of need at any time; and in consideration for such services, plaintiffs were to have all of Mr. and Mrs. Williams's property upon their death.

Pursuant to such agreement, plaintiffs came to Michigan and established themselves on the 15-acre farm near defendant. The land was in poor condition and needed considerable attention before it would bear crops. The change of residence took place in October, 1935. Plaintiff Frank Guzorek started to work the farm after his hours of employment in a machine shop in Benton Harbor. He also hired some help to till the farm. He gave defendant $60 to pay certain taxes and, at defendant's request, he gave defendant one third of the income from the farm.

Plaintiff Lucile Guzorek helped Mrs. Williams with the housework until about March 11. 1938,

when Mrs. Williams was taken ill and confined to her bed. From that day until November 16, 1938, plaintiff Lucile Guzorek spent all of her time at the Williams home nursing Mrs. Williams until her death on April 4, 1938, as well as doing all of the housework. Shortly after the death of Mrs. Williams, defendant commenced a course of conduct and made advances of such a nature that plaintiff Lucile was compelled to resist him and, upon her refusal to accede to his demands, defendant threatened her with a gun. On or about October 31, 1938, plaintiffs received a letter from defendant to vacate the 15-acre farm occupied by them.

In 1935, defendant and wife executed a deed of the 15-acre tract of land, naming plaintiffs as grantees. This deed was never delivered. It was placed in an envelope on which the following inscription appears:

"The contents of this envelope are the property of Frank Guzorek and Lucile Guzorek, of the township of Sodus, Berrien county, Michigan, and upon the death of the survivor of Willard M. Williams and Amanda B. Williams, shall be delivered over to the said Frank Guzorek and Lucile Guzorek."

The deed was shown to plaintiffs and plaintiffs were informed that the deed was executed pursuant to the agreement. The deed was kept by Mr. Williams.

It is the claim of defendant that plaintiffs were tenants, paying rental. It is also the claim of defendant that if an agreement was made, plaintiffs did not perform all of the terms of the agreement.

The trial court made the following finding of facts:

"In my opinion, this correspondence clearly and definitely establishes that Mr. and Mrs. Williams did not have in mind the mere purchase of a poor 15-acre farm for the purpose of renting it to a tenant

for one third of the crops. They were interested in having people whom they had known for years and in whom they had sufficient interest that they were willing to can fruit, make over old clothes, select a stove, drive out bedbugs, fix the well and build a barn, to live near them.  *  *  *

"The preponderance of the evidence fairly establishes that there was an agreement between plaintiffs and Mr. and Mrs. Williams, that, if plaintiffs would abandon their Chicago employment and move upon this farm and be companions and render care and assistance to them in their old age, when and as their condition required, Mr. and Mrs. Williams would purchase the farm, let them occupy it and use it during their lifetime, give them ownership but so place the title that plaintiffs could not encumber or convey it before, but would get record title upon the death of both Mr. and Mrs. Williams.  *  *  *

"There can be no serious question but that the plaintiffs furnished the companionship and care required and expected of them so long as Mrs. Williams lived; and it is clear that there were no differences or contentions between them so long as Mrs. Williams lived.

"It is equally clear that for some period after her death, Mrs. Guzorek still remained in the household and took care of the house and prepared the meals for Mr. Williams, though there is more or less conflict in the evidence as to the extent of the services thus rendered.  *  *  *

"I am of the opinion that his (Mr. Williams) conduct was of such a character as to render it practically impossible for plaintiffs to continue to furnish the companionship and the services originally contemplated.

"I also find that plaintiffs were ready and willing to perform under appropriate conditions.  *  *  *

"I am of the opinion, and so find, that the agreement included an undertaking on the part of Mr. and Mrs. Williams that whatever other property they, or

the survivor, held at death of the survivor should then become the property of plaintiffs. * * *

"I also am of the opinion, and hold, that there was an agreement whereby plaintiffs were to be entitled to the use and occupancy of the farm during the lifetime of Mr. and Mrs. Williams and the survivor of them and that title to that farm was equitably to vest in plaintiffs forthwith but that evidence of the passing of the title, viz: the deed, was to be physically so preserved as to render it impossible for them to transfer or encumber the same during the lifetime of the survivor, to the end and for the purpose of thus insuring performance by the plaintiffs of their part of the agreement."

At the close of the hearing, the trial court entered a decree giving to plaintiffs the 15-acre farm subject to the lien of any unpaid taxes; and ordered that on the death of defendant, plaintiffs are to become the owners of all property, both real and personal, now owned and then belonging to defendant, subject to all debts now owing by defendant or hereafter incurred for his support and maintenance as well as the expense of his last illness and death; and that during his lifetime, defendant is to have the enjoyment of his home. The decree also provided for an injunction against defendant enjoining him from disposing of any of his property except for the reasonable cost of his personal maintenance.

Defendant appeals. In our opinion the finding of the trial court as to the making of the agreement between the parties and the reason for its nonfulfillment is amply supported by the record in this case. Oral agreements to convey property in consideration of services to be rendered are within the application of the statute of frauds (3 Comp. Laws 1929, § 13413 [Stat. Ann. § 26.908]). However, equity will grant specific performance of such contracts in the proper instances. If one party to an oral contract,

in reliance upon the contract, has performed his obligation thereunder so that it would be a fraud upon him to allow the other party to repudiate the contract, by interposing the statute, equity will regard the contract as removed from the operation of the statute. See *Lyle* v. *Munson,* 213 Mich. 250; *Sage* v. *Sage,* 230 Mich. 477; *Woods* v. *Johnson,* 266 Mich. 172; *Policha* v. *Voss,* 292 Mich. 494. The contract to be enforced must be established by clear and convincing evidence. See *Van Houten* v. *Vorce,* 259 Mich. 545.

In *Furgason* v. *Dunn,* 292 Mich. 115, plaintiff and wife made an agreement with defendant whereby plaintiff and wife were to give up farming and make a home for defendant in a house to be purchased by defendant, who agreed that he would leave the home to them at his death. The house was purchased and the parties lived together for 12 years when plaintiff's wife died. Thereafter, defendant notified plaintiff to vacate the premises. Defendant began proceedings to obtain exclusive possession of the house. Plaintiff then filed a bill for specific performance of the oral agreement to leave the home to plaintiff at defendant's death. We ordered a decree enjoining defendant from selling, assigning, mortgaging or otherwise disposing of the lands and premises. The above case is authority for the decree entered by the trial court in the case at bar.

The decree is affirmed, with costs to plaintiffs.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred. WIEST, J., did not sit.