*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KELLIE GILLENKIRK and ROGER
GILLENKIRK,

        Plaintiffs-Appellants,

v

KEITH MAINZINGER,

        Defendant-Appellee.

UNPUBLISHED
October 09, 2024
9:04 AM

No. 366484
Monroe Circuit Court
LC No. 2021-144186-CH

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs appeal as of right an order denying their motion for summary disposition under MCR 2.116(C)(10) (genuine issue of material fact) and granting summary disposition in defendant's favor under MCR 2.116(C)(10) and (I). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from a 2016 land contract between the parties for property on Tuttle Hill Road in Milan. The 2016 contract was later forfeited by the lower court for lack of payment. Plaintiffs later filed suit alleging the parties executed a new land contract for the purchase of the property, but that defendant failed to perform under the contract. According to plaintiffs, they were entitled to specific performance of the new land contract and damages resulting from defendant's purported breach. Thereafter, the parties filed competing motions for summary disposition. The trial court granted defendant's motion under MCR 2.116(C)(10) and (I). Plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

## II. SUMMARY DISPOSITION

Plaintiffs argue that the trial court erred by denying their motion for summary disposition because they presented sufficient evidence to support a finding that the parties entered into a new contract after the original land contract was forfeited. We disagree.

-1-

## A. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015). Summary disposition is appropriate under MCR 2.116(C)(10) if, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." *Id*. The moving party "must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact[]" and support its motion with documentary evidence. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999), quoting MCR 2.116(G)(4). A court reviewing a motion under MCR 2.116(C)(10) must consider the substantively admissible evidence offered in opposition to the motion. *Maiden*, 461 Mich at 121. To survive summary disposition, the opposing party must set forth specific facts establishing a genuine issue of material fact for trial. *Id.* at 120-121. A genuine issue of material fact exists when the evidence presented "leave[s] open an issue upon which reasonable minds might differ." *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013) (quotation marks and citation omitted). "The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10)." *Barnes v 21st Century Premier Ins Co*, 334 Mich App 531, 540; 965 NW2d 121 (2020) (quotation marks and citation omitted).

A "trial court appropriately grants summary disposition to the opposing party under MCR 2.116(I)(2) when it appears to the court that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 590; 794 NW2d 76 (2010) (quotation marks and citation omitted).[1] This Court also reviews de novo a trial court's findings regarding the existence of a contract, *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006), and the applicability of the statute of frauds. *Zaher v Miotke*, 300 Mich App 132, 140; 832 NW2d 266 (2013).

## B. LAW AND ANALYSIS

Plaintiffs do not dispute that the original 2016 land contract was forfeited. Rather, they argue that, after the orders of forfeiture and eviction were entered, the parties negotiated and entered into a new land contract. The trial court reviewed plaintiffs' evidence to determine whether the alleged new contract was removed from the statute of frauds through partial performance.

This Court has previously defined a land contract as follows:

> The term "land contract" is commonly used in Michigan as particularly referring to agreements for the sale of an interest in real estate in which the purchase price is to be paid in installments (other than an earnest money deposit and a lump-sum payment at closing) and no promissory note or mortgage is involved between the

---

[1] In entering the final order, the trial court did not specify whether summary disposition was proper under MCR 2.116(I)(1) or (I)(2). Given the trial court's remarks during oral argument, we presume summary disposition was granted in defendant's favor under subsection (I)(2). Regardless, plaintiffs do not take issue with the trial court's lack of specificity on appeal.

seller and the buyer.  [*Zurcher v Herveat*, 238 Mich App 267, 291; 605 NW2d 329 (1999) (Quotation marks and citation omitted).]

This Court also explained that a land contract is an executory contract in which the legal title remains with the seller until the buyer performs its obligations set forth in the contract.  *Id*.  Once the buyer performs all of its obligations, legal title passes to the buyer.  *Id*.

The form of the land contract is prescribed by the statute of frauds.  MCL 566.106 states:

No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing.

MCL 566.108 further provides:

Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing[.]

"Simply put, therefore, a contract for the sale of land must, to survive a challenge under the statute of frauds, (1) be in writing and (2) be signed by the seller or someone lawfully authorized by the seller in writing."  *Zurcher*, 238 Mich App at 277.

Courts have historically applied the doctrine of partial performance to contracts involving the sale of land.  *Dumas v Auto Club Ins Ass'n*, 437 Mich 521, 540; 473 NW2d 652 (1991).  The Michigan Supreme Court explained partial performance in *Guzorek v Williams*, 300 Mich 633, 638-639; 2 NW2d 796 (1942) as occurring:

If one party to an oral contract, in reliance upon the contract, has performed his obligation thereunder so that it would be a fraud upon him to allow the other party to repudiate the contract, by interposing the statute, equity will regard the contract as removed from the operation of the statute.

But, such a contract must first be established by clear and convincing evidence to be enforced.  *Id*. at 639.  This Court has declared that "[t]he clear and convincing evidence standard is the most demanding standard applied in civil cases[.]"  *In re ASF*, 311 Mich App 420, 429; 876 NW2d 253 (2015) (quotations marks and citation omitted).  Evidence is clear and convincing when it:

[P]roduce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.  [*Id*. (quotation marks and citation omitted; second alteration in original.)]

Plaintiffs, as the proponents of the land contract, had the burden to prove, by clear and convincing evidence, that the parties entered into a valid contract. *Huntington Nat'l Bank v Daniel J. Aranoff Living Trust*, 305 Mich App 496, 508; 853 NW2d 481 (2014). "A valid contract requires five elements: (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 101; 878 NW2d 816 (2016) (citation omitted). At issue in this case is whether there was mutuality of agreement.

To enforce an agreement, the trial court must find that the parties had a "meeting of the minds" or "mutual assent" on the essential elements of the agreement. *Huntington Nat'l Bank*, 305 Mich App at 508. The trial court must consider objective evidence of "the expressed words of the parties and their visible acts[]" to determine whether the parties had a meeting of the minds. *Id*. (quotation marks and citation omitted). In addition, the trial court must not presume the existence of an enforceable contract, because a court "cannot make a contract for the parties when none exists." *Id*. (quotation marks and citation omitted).

Plaintiffs failed to present clear and convincing evidence that the parties had a "meeting of the minds" or that they mutually assented to essential elements of an agreement. Rather, plaintiffs' evidence presented to the trial court established their attempts to pay the outstanding balance to continue living on the property. For example, plaintiffs presented a May 10, 2019 e-mail in which defendant stated that he was giving plaintiffs extra time to pay him the outstanding balance. In an e-mail sent on May 13, 2019, defendant said he had received $1,223.62 from plaintiffs. Plaintiffs provided the receipts for this payment. On the other hand, there were also text messages from defendant to plaintiff expressing defendant's lack of awareness of what plaintiffs were doing, or his frustration with plaintiffs' lack of payment or failure to move off of his property. For instance, on January 3, 2020, defendant texted plaintiffs stating: "It is a new year. It has been 4 years since you have paid the taxes. There is no way u [sic] should be on my property[.] It has come time to remove all of your belongings off my property[.]" And later, on February 20, 2020, defendant texted plaintiffs inquiring when they planned to move.

Plaintiffs also argue that the trial court erred by denying their motion for summary disposition because the trial court failed to question defendant regarding his contradictory statements and arguments regarding the acceptance of plaintiffs' payments. However, the burden of identifying issues and providing evidentiary support for their positions on a motion for summary disposition is on the parties, not the trial court. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 376; 775 NW2d 618 (2009). Moreover, on a motion for summary disposition under MCR 2.116(C)(10), the trial court does not assess credibility, weigh the evidence, or resolve factual disputes. *Barnes*, 334 Mich App at 540. The trial court properly denied plaintiffs' motion for summary disposition.

### III. JUDICIAL BIAS

Plaintiffs also argue that the trial court was biased against them. Michigan follows the "raise or waive" rule for civil cases, *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg*, ___ Mich App ___, ___; ___ NW3d ____ (2023) (Docket No. 359090); slip op at 2-3, meaning that, "[t]o preserve an issue, the party asserting error must demonstrate that the issue was raised in the trial court." *Id*. Plaintiffs' claim of judicial bias was not raised in the proceedings below, and they

present no argument explaining why we should consider it on appeal. We therefore decline to consider this issue now.[2]

## IV. JUDICIAL DUTIES

Finally, plaintiffs argue that the trial court failed to timely enter a scheduling order, failed to inform plaintiffs that the original judge assigned to the case had died and there had been a substitution, erred by denying plaintiffs' motion to compel, and treated plaintiffs differently because of their self-representation. Plaintiffs failed to preserve these issues by raising them in the trial court. A review of the record does not reveal that our failure to consider these issues would result in manifest injustice or that consideration of these issues is necessary for a proper determination of the case. *Tolas Oil*, ___ Mich App at ___; slip op at 3. Plaintiffs have thus waived these issues on appeal and we decline to address them. *Id.*

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Brock A. Swartzle

---

[2] Even if we were to consider the issue, plaintiffs' claim fails. A party arguing judicial bias must establish that the trial judge had an actual bias that was personal and extrajudicial in nature. *Cain v Dep't of Corrections*, 451 Mich 470, 495-496; 548 NW2d 210 (1996). Plaintiffs present no argument on appeal demonstrating any actual personal and extrajudicial bias by the trial judge.