### MAHON *v.* SAHRATION.

1. EQUITY—MOTION TO DISMISS—PLEADING.

   On a motion to dismiss a bill of complaint, all properly alleged material facts are accepted as true.

2. FRAUDS, STATUTE OF—HOTEL LEASE.

   Alleged oral agreement by lessor to execute 5-year lease of hotel property was void under the statute of frauds in the absence of part performance by intended lessee removing contract from operation of the statute (3 Comp. Laws 1929, § 13413).

3. SAME—PERFORMANCE BY ONE PARTY—EQUITY.

   If one party to an oral contract, in reliance thereupon, has performed his obligation thereunder so that it would be a fraud upon him to allow the other party to repudiate the contract by interposing the statute of frauds, equity will regard the contract as removed from the operation of the statute (3 Comp. Laws 1929, § 13413).

---

Effect of partial performance upon compliance with statute of frauds, see 1 Restatement, Contracts, §§ 198 and 327, comment f.

Specific performance a matter of grace, see 2 Restatement, Contracts, § 359 (1).

4. SPECIFIC PERFORMANCE—DISCRETION OF COURT—PART PERFORM-
ANCE.
   Specific performance is a matter of grace and not of right; and
   is not decreed as of right by showing that an oral contract has
   been partly performed.

5. FRAUDS, STATUTE OF—EQUITY—PART PERFORMANCE OF ORAL CON-
TRACT—FRAUD.
   Equity acts in case of part performance to prevent perpetration
   of a fraud by party who accepts benefits under a parol agree-
   ment and then seeks to resist its completion by pleading statute
   ute of frauds requiring contracts for sale of an interest in land
   to be in writing (3 Comp. Laws 1929, § 13413).

6. SPECIFIC PERFORMANCE—LEASE OF HOTEL—PART PERFORMANCE.
   Bill, alleging that one of two defendants signed written listings
   of their hotel property with a broker for rent or sale; that
   plaintiff and defendants had agreed upon terms of sale and
   purchase; that they prepared a proposed lease which was ap-
   proved by plaintiff whereupon he escrowed $500, did not state
   a case for specific performance of such alleged agreement,
   there being no part performance on the part of plaintiff
   merely by making sacrifice sale of assets and deposit with
   unnamed escrow agent pursuant to undescribed escrow agree-
   ment and who did not take possession or otherwise change his
   position.

Appeal from Wayne; Merriam (DeWitt H.), J.
Submitted January 3, 1945. (Docket No. 30, Cal-
endar No. 42,796.) Decided February 20, 1945.

Amended bill by Francis W. Mahon against Ed-
ward Sahration and another, individually and as
copartners, doing business as Walton Hotel, to com-
pel the execution of a lease and for an accounting.
Amended bill dismissed on motion. Plaintiff ap-
peals. Affirmed.

*Ben L. Goode* and *Meyer Weisenfeld*, for plaintiff.

*William S. Plotkin* (*Ira F. Morgan* and *Frances
V. Waszewski*, of counsel), for defendants.

STARR, C. J.  In December, 1942, plaintiff filed bill of complaint for specific performance of defendants' alleged oral agreement to execute a lease of the Walton hotel property at 58-60 Winder street, Detroit, and for an accounting as to the operation of said hotel after November 1, 1942.  Defendants filed separate answers to said bill of complaint, denying the alleged oral agreement and that plaintiff was entitled to the relief sought.  In April, 1943, plaintiff filed an amended bill of complaint, asking substantially the same relief.  Defendant Edward Sahration then filed motion to dismiss the amended bill on the grounds that the alleged oral agreement was void under the statute of frauds (3 Comp. Laws 1929, § 13413 [Stat. Ann. § 26.908]) and that the bill did not state a cause of action for equitable relief. Defendant Hegoohi Gazarian filed separate motion to dismiss the amended bill on the ground that it did not set forth any contract or agreement executed by her or by any person authorized to execute the same in her behalf.  No testimony was taken, and the trial court entered decree granting defendants' motions and dismissing the bills of complaint.  Plaintiff appeals from such decree.

On a motion to dismiss a bill of complaint, all properly alleged material facts are accepted as true. *Grevnin* v. *Collateral Liquidation, Inc.,* 302 Mich. 274.  Therefore, the question before us on this appeal is whether or not plaintiff's bill and amended bill alleged material facts entitling him to the equitable relief sought.

Plaintiff alleged that defendants Edward Sahration and Hegoohi Gazarian owned the said Walton hotel property, described as "lot #6, Winder subdivision," as tenants in common and that they operated the hotel as copartners.  He alleged that on July 11, 1942, said defendants listed the Walton

hotel for rent or sale with a licensed real estate broker and that such listing was signed by defendant Edward Sahration and by one Charles Gazarian on behalf of his wife, defendant Hegoohi Gazarian; that on September 11, 1942, defendants relisted said hotel for rent or sale and that this listing was signed by defendant Edward Sahration "for and on behalf of himself and defendant, Hegoohi Gazarian, * * * with full knowledge and consent of the said Hegoohi Gazarian." Copies of both listings were attached to and made a part of the amended bill. Plaintiff further alleged:

"That said real estate broker approached your plaintiff and proposed that your plaintiff purchase the business known as the Walton hotel, as aforementioned, and in accordance with the terms of the listing (of September 11, 1942), * * * and, after a complete investigation of the income and operating costs of said hotel, which information was furnished by defendant, Edward Sahration and the said Charles Gazarian, acting for and on behalf of the defendant, Hegoohi Gazarian, * * * with her knowledge and consent, plaintiff agreed to purchase said hotel according to the terms of the listing (of July 11, 1942); * * *

"That all of the terms and conditions of a sale and purchase of the said Walton hotel were agreed upon between the parties, and a proposed lease was prepared by the defendants herein, or by an attorney for and on their behalf, which proposed lease was submitted to plaintiff for his approval on October 23, 1942, and which lease plaintiff approved on October 24, 1942; a copy of said lease is attached hereto; * * *

"That when said proposed lease was submitted by your plaintiff, he was advised by the defendants that the terms were agreeable to them. That your

plaintiff did place and deposit the sum of $500 in escrow as a token of good faith.''

Plaintiff alleged that, in reliance upon defendants' approval of the terms of the proposed lease, he sold and disposed of certain of his assets at a considerable loss in order to obtain the money necessary to complete the deal. He further alleged that in October, 1942, defendants changed their minds and refused to execute the proposed lease.

It should be noted that in his amended bill plaintiff alleged that ''the terms and conditions of a *sale and purchase* of the said Walton hotel were agreed upon between the parties, and a proposed lease was prepared.'' However, in his prayer for relief he asks only ''that the defendants, and each of them, be decreed to execute a *lease* to your plaintiff conforming to the copy of the lease attached hereto.'' The proposed lease was for a five-year period and covered only the real estate and hotel building thereon and made no reference to the hotel business or the furniture and furnishings.

The question is, did plaintiff's bills of complaint allege facts which, if accepted as true, would entitle him to a decree requiring defendants to execute the proposed five-year lease of the hotel property? The only writing alleged to have been executed by defendants was the two listings with the real-estate broker. Both listings were signed by defendant Edward Sahration, but neither listing was signed personally by defendant Hegoohi Gazarian. Plaintiff's only claim of partial performance of the oral agreement was that he had deposited $500 in escrow as a token of good faith and that he had sold certain of his assets to raise the money to complete the deal. He made no showing as to the identity of the escrow

agent or the terms of the escrow agreement. He had not taken possession of the property or made any payment to defendants or in any way 'changed his position in reliance upon the alleged oral agreement, except as to the above-mentioned deposit and sale of assets.

The alleged oral agreement was void under the statute of frauds. (3 Comp. Laws 1929, § 13413 [Stat. Ann. § 26.908]) unless there was a sufficient partial performance by plaintiff to remove the contract from the operation of the statute. The rule applicable to the present situation is stated in *Guzorek* v. *Williams,* 300 Mich. 633, 638, 639, as follows:

"If one party to an oral contract, in reliance upon the contract, has performed his obligation thereunder so that it would be a fraud upon him to allow the other party to repudiate the contract, by interposing the statute, equity will regard the contract as removed from the operation of the statute. See *Lyle* v. *Munson,* 213 Mich. 250; *Sage* v. *Sage,* 230 Mich. 477; *Woods* v. *Johnson,* 266 Mich. 172; *Policha* v. *Voss,* 292 Mich. 494. The contract to be enforced must be established by clear and convincing evidence. See *Van Houten* v. *Vorce,* 259 Mich. 545."

The law is well established that specific performance is a matter of gracé and not of right, and that the granting of specific performance rests in the sound discretion of a court of equity.

"The specific performance of contracts must always rest in the sound discretion of the court, to be decreed or not as shall seem just and equitable under the peculiar circumstances of each case." *Smith* v. *Lawrence,* 15 Mich. 499, 501.

"The relief sought by the plaintiffs was denied by the trial court on the ground that, under the facts

and circumstances of this case, it would be contrary to equity and good conscience to grant specific performance, that being a remedy of grace and not of right." *Johnston Realty & Investment Co.* v. *Grosvenor,* 241 Mich. 321, 323.

"Specific performance is a matter of grace, and not of right. It * * * will be wholly withheld if plaintiff's case is lacking in equity." *Wolverine Packing Co.* v. *Hawley,* 251 Mich. 215, 219.

"Specific performance of an executory contract 'is not strictly a matter of absolute right, even though a legal right to damages for breach of contract might exist.' " *Linsell* v. *Halicki,* 240 Mich. 483, 485.

"Specific performance is not decreed as of right by showing that an oral contract has been partly performed. The remedy is a matter of discretion and depends on the judgment of the court after a careful examination of all the circumstances. Equity acts in the cases of part performance to prevent the perpetration of a fraud by the party who accepts benefits under a parol agreement and then seeks to resist its completion by pleading the statute." *Policha* v. *Voss,* 292 Mich. 494, 498.

See, also, *Kerns* v. *Kerns,* 303 Mich. 23; *Rodstrom* v. *Strum,* 302 Mich. 609; *Lutz* v. *Dutmer,* 286 Mich. 467.

Applying the principles enunciated by the above-cited authorities to the allegations in plaintiff's bills of complaint, we are convinced that the bills did not allege facts showing such performance of the oral contract by plaintiff as would justify a court of equity in removing the contract from the operation of the statute of frauds and granting specific performance thereof. The trial court properly concluded that plaintiff's bills of complaint did not allege facts entitling him to specific performance

of defendants' oral agreement to lease the hotel property. In view of our conclusions other questions presented do not require consideration.

The decree of the trial court dismissing plaintiff's bills of complaint is affirmed. Defendants may recover the costs of both courts.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.