HUTCHINS *v.* HUTCHINS

1. DIVORCE—EXTREME CRUELTY—OPPROBRIOUS EPITHETS.
   Addressing one's spouse with opprobrious epithets is sufficient to constitute extreme cruelty in a divorce action.

2. DIVORCE—EXTREME CRUELTY—ACCUSATIONS OF MISCONDUCT.
   Making frequent unfounded accusations of a spouse's misconduct, in and out of the spouse's presence, which tended to degrade and humiliate the spouse and which, if believed by others, would cause the loss of friends and respect, constitutes extreme cruelty and warrants a judgment of divorce.

3. DIVORCE—PROPERTY AWARD.
   No rigid rules or mathematical formulas exist for dividing property in a divorce action; each case depends on the circumstances, including equitable factors such as the source of the property, contribution toward its acquisition, the years of married life, earning ability, and the cause of the divorce.

4. DIVORCE—PROPERTY AWARD—APPEAL AND ERROR.
   An appellate court will not reverse or modify a trial court's property award in a divorce action unless the reviewing court is convinced that a different result would have been reached had the appellate court occupied the position of the trial court.

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 October 12, 1971, at Lansing. (Docket No. 10512.) Decided October 27, 1971.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Divorce and Separation § 48 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation § 925 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 868.
  24 Am Jur 2d, Divorce and Separation § 925 *et seq.*

Complaint by Helen Hutchins against Lyle M. Hutchins for divorce. Judgment for plaintiff. Defendant appeals. Affirmed.

*Powell, Peres, Carr & Jacques,* for plaintiff.

*Ingle & Burke,* for defendant.

Before: McGregor, P. J., and Holbrook and Van Valkenburg,* JJ.

Per Curiam. Defendant appeals from a circuit court judgment granting his wife a divorce on the ground of extreme cruelty, MCLA § 552.7 (Stat Ann 1957 Rev § 25.87).

A divorce action is equitable in nature and is, therefore, subject to *de novo* review; however, the appellate court gives great weight to the trial court's finding of facts. *Nickel* v. *Nickel* (1970), 29 Mich App 25; *Heckelman* v. *Heckelman* (1966), 3 Mich App 159. The defendant raises four issues for our review, but we find two issues to have little merit and are not persuasive.

The first issue is whether the testimony of the plaintiff and her witnesses was sufficient to grant a judgment of divorce. After a thorough reading of the record, we have determined that the defendant frequently addressed plaintiff with "opprobrious epithets" which is a sufficient ground for extreme cruelty. *Metcalf* v. *Metcalf* (1970), 28 Mich App 442. In addition, a reading of the record has shown that the defendant frequently, both in and out of the presence of the plaintiff, made unfounded accusations of her misconduct to others, which tended to degrade and humiliate plaintiff and which, if be-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

lieved, would cause loss of friends and respect. This also is sufficient to constitute extreme cruelty and thus warrant divorce. *De Vuist* v. *De Vuist* (1924), 228 Mich 454; *Farley* v. *Farley* (1923), 222 Mich 459; *Brookhouse* v. *Brookhouse* (1938), 286 Mich 151. Thus, we find that the circuit court properly granted the judgment of divorce.

The second question defendant raises is whether the property settlement was inequitable. The rule in this state is that there are no rigid rules or mathematical formulas for the division of property, but each case depends on the circumstances and this includes equitable factors such as source of property, contribution towards its acquisition, the years of married life, earning ability, and the cause of divorce. *Dral* v. *Dral* (1967), 8 Mich App 663; *Johnson* v. *Johnson* (1956), 346 Mich 418; *Ross* v. *Ross* (1970), 24 Mich App 19. Alimony payments are within the discretion of the court, though the power is given through statute. *Ross* v. *Ross, supra; Ritzer* v. *Ritzer* (1928), 243 Mich 406; *Socha* v. *Socha* (1966), 5 Mich App 404; MCLA § 552.23 (Stat Ann 1971 Cum Supp § 25.103).

This Court does not reverse or modify a circuit court's property award unless it is convinced that a different result would have been reached had we occupied the position of the trial court. *Dral* v. *Dral, supra; Czuhai* v. *Czuhai* (1971), 30 Mich App 208; *Paul* v. *Paul* (1960), 362 Mich 43; *Ross* v. *Ross, supra.* We have examined the assets and the incomes of both plaintiff and defendant. From the record it is ascertained that the parties' assets were distributed to the parties by the trial court as follows:

I. A 1966 English Ford Cortina to the plaintiff; a 1968 English Ford Cortina to the defendant.

.

II. All household furniture, furnishings, appliances, dishes, linens, drapes, utensils, bedding, carpeting, fixtures, garden tools, and lawnmowers at the marital home were awarded to the plaintiff.

III.   A collection of antiques valued at $5,351, started by the defendant prior to the marriage and continued by him during the marriage was ordered to be sold and the proceeds of such sale to be divided equally between the parties.

IV. The family home, the only real estate owned by the parties, valued at between $17,500 and $19,500 had been owned by the defendant prior to the marriage.   The court awarded each of the parties a one-half interest in this real estate, as tenants in common, and the plaintiff was given exclusive possession of this real estate for five years.

V. The savings account was in plaintiff's name, and funds on deposit had been earned by the plaintiff; the court awarded the account in the amount of $3,800 to the plaintiff.   The balance in the parties' checking account at the time of trial was about $9, which was awarded to the defendant.

Defendant was a former employee of the Ford Motor Company, retired on a medical retirement provision, from which his income is $69.23 per week. Plaintiff's part-time employment brought an income of $21 per week.

In addition to the property awards, plaintiff was awarded permanent alimony to be paid by defendant in the amount of $10 per week until such time as she should remarry.

Judgment of divorce is affirmed.   No costs to either party as plaintiff failed to file a brief.