SABOURIN v SABOURIN

1. PLEADING—COMPLAINT—AMENDMENT—LEAVE TO AMEND—COURT
    RULES.

    Leave of the court, after a party has moved to amend his
    complaint, shall be freely given when justice so requires; how-
    ever, leave should not be given where the amendment and
    relating evidence would prejudice the objecting party in main-
    taining his action or defense upon the merits (GCR 1963, 118.1,
    118.3).

2. PLEADING—AMENDMENT OF PLEADING—PREJUDICE—COURT RULES.

    The "prejudice" to a party which would defeat a motion to amend
    pleadings refers to matter which would prevent a party from
    having a fair trial, or matter which he could not properly
    contest, e.g. when surprised; it does not refer to the effect in the
    result of the trial otherwise (GCR 1963, 118.3).

3. DIVORCE—PROPERTY SETTLEMENT—FACTORS.

    Factors to be considered in arriving at an equitable division of
    property in a divorce action include the source of the property,
    length of marriage, needs of the parties, their earning ability,
    and the cause of the divorce.

4. PLEADING—AMENDMENT—MARRIAGE—ANNULMENT—DIVORCE—
    PREJUDICE.

    A trial court, which granted a plaintiff leave to amend his
    complaint for annulment of a marriage by adding a count for
    divorce, did not err where the defendant was not prejudiced by
    the amendment, the evidence before the court was sufficient to
    enable the court to equitably distribute the parties' property,
    and defense counsel had more than adequate information to
    present capable argument as to plaintiff's interests in the
    property settlement.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 61 Am Jur 2d, Pleadings § 308 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation § 883 *et seq.*
[4] 24 Am Jur 2d, Divorce and Separation § 311 *et seq.*
[5] 24 Am Jur 2d, Divorce and Separation §§ 937, 938.

5. PARTIES—JOINDER—DIVORCE.

    A trial judge was not obligated to permit a party other than the husband or wife to be joined in a divorce action although the defendant alleged that this party usurped monies and assets of the marriage, where there was no allegation that the party conspired with one spouse to conceal assets from the other spouse.

Appeal from Wayne, Neal Fitzgerald, J. Submitted November 14, 1975, at Detroit. (Docket No. 21911.) Decided January 27, 1976.

Complaint by Eugene J. Sabourin against Louise Grace Sabourin for annulment of their marriage and, after amending his complaint, for divorce. Judgment of divorce for plaintiff. Defendant appeals. Affirmed.

*Robert E. Greenstein,* for plaintiff.

*D'Avanzo & Danko,* for defendant.

Before: BASHARA, P. J., and D. F. WALSH and W. S. WHITE,* JJ.

PER CURIAM. This is an appeal as of right from a judgment of divorce granted to the plaintiff husband. Suit began on April 10, 1974, when the plaintiff filed a complaint for annulment, pursuant to MCLA 552.2; MSA 25.82, wherein he alleged that his consent to the marriage to the defendant had been procured by fraud and that there had never been a physical consummation of the marriage.

In her answer the defendant admitted that she and plaintiff had been married on August 16, 1972, denied the material allegations of plaintiff's complaint and alleged that the plaintiff's niece Diane Hammer had been responsible for the parties'

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

separation which occurred on or about April 5, 1974. She further claimed that Diane Hammer was in control of $30,000 in the form of various bank accounts previously held solely by the plaintiff and that Mrs. Hammer had attempted to "subvert the marriage relationship and to usurp to herself for her own purposes the monies and assets of the parties". The answer contained a petition that Mrs. Hammer be made a party to the action and that she be required to account for her "handling of the monies and assets of the parties since August 16, 1972". This petition was denied.

A bench trial commenced on July 24, 1974. On the second day of trial, after the plaintiff had rested and during the cross-examination of Mrs. Sabourin, counsel for plaintiff moved the court to amend the complaint to include a count for divorce. The motion was granted and plaintiff was permitted to offer proofs on the statutory grounds for divorce, MCLA 552.6; MSA 25.86, and the assets of the marriage. Mr. Sabourin was then cross-examined as to bank accounts maintained in the parties' and Mrs. Hammer's names.

Immediately thereafter the trial court granted judgment of divorce and ordered that the defendant be awarded an automobile, some corporate stock and $300 in attorney fees. A subsequent defense motion for a new trial was denied.

The defendant now argues that she was unfairly prevented from effectively defending her interests in the divorce action basically for two reasons: (1) the amendment in effect sought a complete change in the cause of action from annulment to divorce introducing, late in the proceedings, the issue of a property settlement; and (2) the denial of defendant's pretrial motion to add Diane Hammer as a party litigant now prevented defendant from as-

serting and litigating the defendant's interest in the bank accounts held by Mrs. Hammer.

The propriety of the court's granting of plaintiff's motion is governed by GCR 1963, 118.1,[1] which provides that "leave [to amend] shall be freely given when justice so requires". The trial court's discretion in these matters is limited by the rule that such a motion should not be allowed where the amendment and evidence relating thereto would "prejudice the objecting party in maintaining his action or defense upon the merits". GCR 1963, 118.3.

In *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973), our Supreme Court adopted the following statement from The Committee Comment accompanying rule 118 as the meaning of the word "prejudice" in the context of this rule:

" 'Prejudice' refers to matter which would prevent a party from having a fair trial or matter which he could not properly contest, e.g. when surprised. It does not refer to the effect on the result of the trial otherwise." 1 Honigman & Hawkins, Michigan Court Rules Annotated, (2d ed), p 409.

We agree with defendant that plaintiff's amendment changed significantly the character of the case she was called upon to defend. When leave to

---

[1] "A party may amend his pleading once as a matter of course at any time before or within 15 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served. *Otherwise,* a *party may amend his pleading only by leave of court* or by written consent of the adverse party. *Leave shall be freely given when justice so requires.* All amendments shall be filed in writing, dated, and numbered consecutively. Unless otherwise indicated therein, an amended pleading shall supersede the former pleading." GCR 1963, 118.1. (Emphasis supplied.)

amend was granted, the statutory grounds for annulment, MCLA 552.2; MSA 25.82, became immaterial and the question of property settlement became an issue of paramount importance for both parties. Nevertheless defendant has failed to persuade us that she suffered prejudice as a result of the amendment.

The factors to be considered in arriving at an equitable division of property in a divorce action include the "source of the property, * * * length of the marriage, needs of the parties, their earning ability, [and] the cause of the divorce". *Westrate v Westrate,* 50 Mich App 673, 675; 213 NW2d 860 (1973). By the time the plaintiff's amendment was offered the trial judge had heard extensive testimony from both parties relative to these considerations. In addition two months prior to trial the defendant had tendered a set of interrogatories requesting the plaintiff to detail his assets as they existed at the date of marriage and immediately prior to the filing of the complaint. The plaintiff answered these interrogatories and filed his answers with the court. A review of the entire record satisfies us that the evidence before the court was fully sufficient to enable the court to effect an equitable distribution of the property, and that defense counsel had more than adequate information at his disposal to present capable argument as to plaintiff's interests in the property settlement.

Finally we find no error in the trial court's denial of defendant's motion to add Diane Hammer as a party in order to determine what interest, if any, the defendant may have had in certain bank accounts held by Mrs. Hammer. There was no allegation in this case that plaintiff was conspiring with Mrs. Hammer to conceal assets in which defendant may have had some interest. The

trial judge, therefore, was not obligated to permit parties other than husband and wife to be joined in this action, *cf. Yedinak v Yedinak,* 383 Mich 409; 175 NW2d 706 (1970). We find no prejudice or disadvantage inuring to defendant from the court's refusal to do so.

The trial court is affirmed. Costs to plaintiff.