## PRUITT v PRUITT

Docket No. 77-4948. Submitted December 12, 1978, at Lansing.—
Decided May 21, 1979. Leave to appeal applied for.

Bettie Pruitt filed a complaint for divorce against Samuel Pruitt.
An amended complaint was subsequently filed in which it was
alleged that Ernest Shannon was the father of two children,
one of whom has died, born to Bettie Pruitt during the course
of her marriage to Samuel Pruitt. Prior to the filing of the
amended complaint, the Ingham County Prosecutor's office
entered an appearance on behalf of the surviving Pruitt child.
Shannon was ordered joined as a party defendant. Defendant
Shannon's motion for summary judgment was denied, Ingham
Circuit Court, Jack W. Warren, J. Defendant Shannon appeals
by leave granted. *Held:*

As a general rule a circuit court is without authority in a
divorce proceeding to litigate the rights of persons other than
the husband or wife. The instant case fits none of the excep-
tions to this rule. There is no statutory authority to join a third
party to a divorce action for the purpose of adjudicating pater-
nity. The motion for summary judgment should have been
granted.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation §§ 240, 241.
[2] 10 Am Jur 2d, Bastards § 74 *et seq.*
  24 Am Jur 2d, Divorce and Separation §§ 277, 278, 876-878.
  Determination of paternity, legitimacy, or legitimation in action for
    divorce, separation, or annulment. 65 ALR2d 1381.
[3] 24 Am Jur 2d, Divorce and Separation §§ 937, 943, 946.
[4] 24 Am Jur 2d, Divorce and Separation § 7.
[5] 27 Am Jur 2d, Equity §§ 242, 267.
[6] 27 Am Jur 2d, Equity §§ 266, 267.
[7] 10 Am Jur 2d, Bastards § 75 *et seq.*
  Right to jury trial in bastardy proceedings. 94 ALR2d 1128.
[8] 10 Am Jur 2d, Bastards §§ 10-44
[9] 10 Am Jur 2d, Bastards §§ 67, 68.
[10] 10 Am Jur 2d, Bastards §§ 67-69.
[11] 10 Am Jur 2d, Bastards §§ 1-9.

V. J. BRENNAN, J., dissented. He would hold that in order to fully protect the interests of minor children and in the interest of judicial economy the divorce action, which is equitable in nature, should be tried before the court and the paternity action, which is legal in nature, before a jury, if demanded, and the two matters combined in a single action.

He would affirm.

### OPINION OF THE COURT

1. COURTS — DIVORCE — STATUTES — STATUTORY AUTHORITY.

   The authority of a court to act in a divorce action is purely statutory.

2. DIVORCE — PATERNITY DETERMINATION — STATUTORY AUTHORITY.

   There is no statutory authority which provides for the determination of the paternity of a third party as part of a divorce proceeding.

3. COURTS — DIVORCE — AUTHORITY OF COURT — HUSBAND AND WIFE — RIGHT OF THIRD PERSONS.

   The general rule is that a court is without power in a divorce proceeding to litigate the rights of persons other than the husband or wife.

4. DIVORCE — EQUITY.

   A divorce proceeding is equitable in nature.

5. EQUITY — JURY — ADVISORY CAPACITY.

   Juries in chancery cases act in an advisory capacity only.

6. APPEAL AND ERROR — EQUITY — DE NOVO REVIEW.

   Appellate review of equity cases is *de novo.*

7. BASTARDS — PATERNITY PROCEEDINGS — CONSTITUTIONAL LAW — RIGHT TO COUNSEL — DOUBLE JEOPARDY.

   Paternity proceedings are quasi-criminal in nature; a defendant may invoke the protection afforded in matters of procedure to one on trial for a criminal offense, including the right to a jury trial, the right to appointed counsel, if the defendant is unable to afford one, and protection against double jeopardy.

### DISSENT BY V. J. BRENNAN, J.

8. EVIDENCE — BASTARDS — PATERNITY — EXCLUSION OF EVIDENCE — HUSBAND AND WIFE — PRESUMPTION OF LEGITIMACY.

   *The long-standing evidentiary rule barring a husband and wife*

*from testifying that a child born during coverture was not the offspring of both has been abolished in Michigan; the present state of the law guards a child born during wedlock with a strong, though rebuttable, presumption of legitimacy.*

9. Bastards — Support — Presumption of Legitimacy — Husband and Wife — Rebuttal of Presumption.

    *A husband is not required to support a child born to his wife where the husband successfully rebuts the presumption that a child born during wedlock is legitimate.*

10. Bastards — Support — Statutes.

    *The obligation of support of a child born out of wedlock is placed on the parents of the child (MCL 722.711 et seq.; MSA 25.491 et seq.).*

11. Bastards — Paternity Act — Words and Phrases — Husband and Wife — Statutes.

    *The definition in the paternity act of a child born out of wedlock is "a child begotten and born to any woman who was unmarried from the conception to the date of birth of the child"; a literal reading of this definition would place a child born to a married woman outside the ambit of the act even where the father of the child is not the husband; such a result is unacceptable; the Paternity Act should be operative where the mother is not lawfully married to the father of the child (MCL 722.711 et seq.; MSA 25.491 et seq.).*

Legal Aid of Central Michigan (by *Paula M. Zimmer* and *Chris Campbell*), for plaintiff.

*Daniel W. McKelvery,* for defendant Shannon.

*Peter D. Houk,* Prosecuting Attorney, *Michael G. Woodworth,* Chief Appellate Attorney, and *Marvin E. Robertson,* Chief, Family Services Division for Pruitt child.

Before: R. B. Burns, P.J., and J. H. Gillis and V. J. Brennan, JJ.

J. H. Gillis, J. Bettie Pruitt filed a complaint for

divorce against Samuel Pruitt. An amended complaint was subsequently filed joining defendant, Ernest Shannon, as a party and alleging that he is the father of two children born to Bettie Pruitt during the course of her marriage to Samuel Pruitt. Defendant Shannon moved for summary judgment pursuant to GCR 1963, 117.2(1). The motion was denied and defendant Shannon was granted leave to appeal by this Court.

Defendant argues that the trial court was without authority to bring him into a divorce action. We agree.

In divorce actions, the authority of the court to act is purely statutory. *Flynn v Flynn,* 367 Mich 625; 116 NW2d 907 (1962), *Gray v Independent Liberty Life Ins Co,* 57 Mich App 590; 226 NW2d 574 (1975). We know of no statute which provides for the determination of the paternity of a third party as part of a divorce proceeding.[1]

The general rule in Michigan is that the court is without the power in divorce proceedings to litigate the rights of persons other than the husband or wife. *Yedinak v Yedinak,* 383 Mich 409; 175 NW2d 706 (1970). From this rule has been carved the exceptions set forth in *Berg v Berg,* 336 Mich 284, 288; 57 NW2d 889 (1953):

---

[1] In *Gallison v Gallison,* 5 Mich App 460; 146 NW2d 812 (1966), paternity was determined in the course of an annulment proceeding. However, that was only a two-party proceeding and the Court relied upon MCL 552.16; MSA 25.96, which provides in part as follows:

"Upon pronouncing a sentence or decree of nullity of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper, concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children, or any of them, shall remain."

While this statute may give the court authority to make a determination of paternity where the parties are involved in the annulment or divorce itself, we fail to see how it gives the court the authority to bring a third party into the divorce proceedings.

"It is claimed that the petitioner, the sister of the defendant, is not a proper party. It must be conceded that as a general rule * * * the husband and wife are the only parties to be recognized in a divorce case. There are exceptions. The prosecuting attorney may be required to appear and oppose a decree in any divorce case in which it appears to the court that public good so requires. CL 1948, § 552.45 (Stat Ann § 25.121). The State commissioner of revenue is *ex officio* the public guardian of every patient committed to a State institution, upon whom service of process is required in any proceeding against any patient detained in a State institution. CL 1948, § 330.21b (Stat Ann 1951 Cumm Supp § 14.811[1]). Third persons may be made defendants in an action for divorce where it is charged that such persons have conspired with the husband with intent to defraud the wife out of her interest in property."

See also, *Sabourin v Sabourin,* 67 Mich App 100; 240 NW2d 284 (1976).

The instant case involves none of these exceptions. Furthermore, we are of the opinion that the nature of a paternity action involving a third party is such that it should not be made part of a divorce action.

A divorce proceeding is equitable in nature. *St Clair Commercial & Savings Bank v Macauley,* 66 Mich App 210; 238 NW2d 806 (1975). Juries in chancery cases act in an advisory capacity only. *White v Burkhardt,* 338 Mich 235, 238; 60 NW2d 925 (1953). On appeal, the matter is reviewed *de novo. Nickel v Nickel,* 29 Mich App 25; 185 NW2d 200 (1970), *Hutchins v Hutchins,* 36 Mich App 675; 194 NW2d 6 (1971).

On the other hand, paternity proceedings are quasi-criminal in nature. *Artibee v Cheboygan Circuit Judge,* 397 Mich 54; 243 NW2d 248 (1976). The defendant may invoke the protection afforded in matters of procedure to one on trial for a

criminal offense, including the right to a jury trial, the right to appointed counsel if the defendant is unable to afford one, and the protection against double jeopardy. *Artibee, supra, People v Mc-Fadden,* 347 Mich 357; 79 NW2d 869 (1956), *McDaniel v Jackson,* 78 Mich App 218; 259 NW2d 563 (1977). On appeal only errors of law may be considered, *People v Martin,* 256 Mich 33; 239 NW 341 (1931).

In light of the foregoing, we conclude there is no statutory authority to join a third party to a divorce proceeding for the purpose of adjudicating paternity. Further, it would not serve the convenient administration of justice to do so.

Reversed and remanded for entry of summary judgment in favor of defendant Shannon. No costs, a public question being involved.

R. B. BURNS, P.J., concurred.

V. J. BRENNAN, J., *(dissenting).* I must dissent. In the recent case of *Serafin v Serafin,* 401 Mich 629; 258 NW2d 461 (1977), the Michigan Supreme Court abolished the long-standing evidentiary rule barring a husband and wife from testifying that a child born during coverture was not the offspring of both. The present state of the law guards a child born during wedlock with a strong though rebuttable presumption of legitimacy.[1] *Serafin, supra, 636, Maxwell v Maxwell,* 15 Mich App 607; 167 NW2d 114 (1969). In cases where the husband does successfully rebut the presumption, he would not be required to support the child. *Serafin, supra,* 634-635. Support would then be sought from another source.

---

[1] The possibility of rebutting the presumption has been greatly increased since *Serafin* allows husband and wife themselves to testify as to illegitimacy.

Michigan's Paternity Act, MCL 722.711 *et seq.;* MSA 25.491 *et seq.,* places the obligation of support on the parents of a child born out of wedlock. The latter is defined as "a child begotten and born to any woman who was unmarried *from the conception to the date of birth of the child",* MCL 722.711(a); MSA 25.491(a). (Emphasis added.) A literal reading of the above places the child in the case at bar (since the mother was married at the time of birth) outside the ambit of that act. Such a result is unacceptable. I would hold the Paternity Act operative where the mother of the child is not lawfully married to the father of the child.

The majority has most accurately pointed out the salient differences between divorce and paternity actions with one being equitable and the other being legal in nature. In order to fully protect the interests of minor children, I would hold that both actions could be brought under a single suit with the divorce action (equity) tried before the court and the paternity action (legal) tried before a jury, if demanded. (The paternity defendant would be added as a third-party defendant in the divorce action.) Such a procedure would both foster judicial economy and minimize the possibility of long delays in determining support for minor children.