HOFFMAN v HOFFMAN

Docket No. 61428. Submitted December 15, 1982, at Lansing.—Decided May 4, 1983.

Nancy S. Hoffman obtained a divorce from Lawrence L. Hoffman, Ingham Circuit Court, James T. Kallman, J. Pursuant to the divorce judgment the issues of the disposition of property were turned over to a third party, who submitted his recommendations to the court. The court ordered the administrator of the parties' trust account to pay certain sums, including a payment to Vito Lilla. A check was issued and delivered to defendant's attorney. When Lilla was not paid, he sought to compel compliance with the court's order. The court again ordered defendant or defendant's attorney to pay Lilla. Defendant moved for reconsideration, which was denied. Defendant appeals. *Held:*

1. The circuit court had no jurisdiction to order the conveyance of property to a third party in the divorce action. The orders compelling payment to Lilla were therefore void.

2. Defendant's motion for reconsideration was timely. There is no time limit within which a party must act in challenging an order which is void because it was beyond the power of the court to render.

Reversed and remanded.

1. DIVORCE — COURTS — JURISDICTION — PROPERTY DISPOSITION.

A circuit court has no jurisdiction in a divorce case to compel a party to convey property or an interest in property to a third party or to adjudicate claims of third parties.

2. MOTIONS AND ORDERS — VOID ORDER — CHALLENGE TO VOID ORDER — COURT RULES.

A party may attack a court's order as void and where the order was void because it was beyond the power of the court to render there is no time limit within which the order must be challenged (GCR 1963, 528.3[4]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 28, 103, 105.
    24 Am Jur 2d, Divorce and Separation § 937.
[2] 56 Am Jur 2d, Motions, Rules and Orders §§ 29, 46.

*Vande Bunte & Kinkade* (by *James E. Vande Bunte)*, for Lawrence Hoffman.

*Thomas J. Fagan,* for Vito Lilla.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and P. J. MARUTIAK,* JJ.

PER CURIAM. Defendant, Lawrence L. Hoffman, and plaintiff, Nancy Sue Hoffman, were divorced on November 7, 1979. The divorce judgment's property settlement provided, *inter alia,* that "in the event the parties cannot agree to the handling and disposition of the property provisions herein * * * such issues shall be submitted to Mr. George Krause, attorney, for his recommendations to the court * * *". The parties were not able to agree as to the disposition of their property. The matter was turned over to Krause who submitted his recommendations to the court on January 31, 1980. On March 27, 1980, the court implemented Krause's recommendations by ordering Wesley P. Hackett, Jr., the administrator of the parties' trust account, to pay out of the account:

"A. $600.00 to George H. Krause, P.C.;
"B. $1,092.42 to Nancy S. Hoffman;
"C. $909.00 to the friend of the court;
"D. Any and all remaining joint debts of the marital estate;
"E. The balance to Lawrence L. Hoffman."

On April 14, 1980, plaintiff moved to implement the March 27, 1980, order. On April 16, 1980, the court ordered Hackett to pay, among other sums, $880 to Vito Lilla. The Bank of Lansing issued a check in that amount payable to Lilla and deliv-

* Circuit judge, sitting on the Court of Appeals by assignment.

ered it to defendant's attorney, James Vande Bunte. Vande Bunte did not turn the check over to Lilla. Consequently, Lilla moved to compel defendant to comply with the April 16, 1980, order. On July 30, 1981, the court ordered defendant or Vande Bunte to deliver the check to Lilla. About one week later, defendant moved for reconsideration of the court's April 16, 1980, and July 30, 1981, orders. Defendant argued that the April 16, 1980, order should be set aside to the extent it ordered payment to Lilla because the court lacked jurisdiction to order such payment. On November 24, 1981, the court denied defendant's motion. Defendant appeals from the court's order denying his motion.

The issue we must decide is whether the trial court had jurisdiction to order the administrator of the parties' trust to pay $880 to Lilla. We hold that it did not and reverse.

The law governing this issue was stated clearly by this Court in *Krueger v Krueger,* 88 Mich App 722, 724-725; 278 NW2d 514 (1979), *lv den* 406 Mich 1003 (1979):

"[T]he circuit court has no jurisdiction in a divorce case to compel a party to convey property or a property interest to a third person, even a child of the parties, or to adjudicate claims of third parties. The Supreme Court has so held on many occasions. See, *e.g., Yedinak v Yedinak,* 383 Mich 409; 175 NW2d 706; 63 ALR3d 360 (1970); *Rex v Rex,* 331 Mich 399; 49 NW2d 348 (1951). * * *

"* * * The Supreme Court has also recognized that the parties in a divorce case may make a settlement of their interests which the court could confirm even if it could not make such a disposition if the case were contested. *Newton v Security National Bank of Battle Creek,* 324 Mich 344; 37 NW2d 130 (1949)."

The Supreme Court later approved this view of the

law. See *Kasper v Metropolitan Life Ins Co,* 412 Mich 232; 313 NW2d 904 (1981).

The record in the present case reveals that the parties did not agree as to the payment of their debts. Thus, Krause was called in to recommend a scheme to settle the debts. Moreover, neither party agreed to accept Krause's recommendations without modification and each urged on the court his or her own distribution of the property. In short, the court decided ultimately which debts were to be paid and how they were to be paid.

The trial court's April 16, 1980, order compelling the administrator of the trust to pay $880 to Lilla, as well as the subsequent July 30, 1981, order compelling defendant or his attorney to deliver that payment to Lilla, are void. Because the parties had not agreed to make the payment to Lilla, the court was without jurisdiction to issue these orders. Therefore, the trial court erred in denying defendant's motion for reconsideration.

We must also reject plaintiff's argument that the defendant's motion for reconsideration was an untimely attack on the April 16, 1980, order. GCR 1963, 528.3(4) permits a party to attack an order as void. However, in that case, "[r]elief must be granted * * * and there is no time limit on attacking a void [order]". 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 185. In the present case, the April 16, 1980, order was void under subrule 528.3(4) because it was "beyond the power of the court to render". *Id.,* 186. Consequently, defendant's motion for reconsideration of that order was timely even though his motion came more than a year after the issuance of the order.

Reversed and remanded for proceedings consistent with this opinion. Costs to appellant.