## SMELA v SMELA

Docket No. 68466. Submitted October 3, 1984, at Lansing.—Decided April 1, 1985.

Plaintiff, Carol Ann Smela, brought an action in the Genesee Circuit Court against defendant, Stanley J. Smela, for divorce. Plaintiff's parents, Frank and Madge Szczepanski, brought a third-party action against plaintiff and defendant, alleging that they had made a $30,000 loan to the Smelas for the purpose of purchasing the marital home. No party objected to the jurisdiction of the court to decide the issue, but defendant alleged that the money was a gift, not a loan, and that any alleged oral contract to repay violated the statute of frauds. The court, Donald R. Freeman, J., granted judgment for third-party plaintiffs and a lien on the marital home. The parties then agreed to a property settlement which was incorporated into a judgment of divorce. Defendant appealed. The Court of Appeals remanded for a determination of who was to pay the third-party judgment which was against both plaintiff and defendant. The trial court held that plaintiff was to pay the judgment and hold defendant harmless, provided the Court of Appeals affirmed the third-party judgment. *Held:*

A circuit court has no jurisdiction in a divorce proceeding to adjudicate the rights of any party other than the husband and wife except where a third party has conspired with one spouse to defraud the other spouse out of property rights. A circuit court has no power to order the conveyance of property or interests in property to third parties in a divorce proceeding. Since defendant contested at trial and continued to contest on appeal his liability to the Szczepanskis for recovery of money damages, the third-party judgment cannot be affirmed on the ground that the trial court has authority to accept whatever property settlement the parties reach by stipulation.

Vacated in part and remanded for reconsideration of the property settlement provisions of the divorce decree.

CYNAR, P.J., dissented. He would find that the trial court's

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 270.
[2] 73 Am Jur 2d, Statute of Frauds §§ 397-399.

findings of fact were not clearly erroneous and that the trial court reached the right result. He would urge the Supreme Court to reconsider the question of the extent of the trial court's jurisdiction to decide the rights of third parties in divorce cases.

### OPINION OF THE COURT

1. DIVORCE — COURTS — JURISDICTION.

A circuit court has no jurisdiction in a divorce proceeding to adjudicate the rights of any party other than the husband and wife except where a third party has conspired with one spouse to defraud the other spouse out of his or her property rights; a circuit court has no power to order the conveyance of property or interests in property to third parties in a divorce proceeding.

### DISSENT BY CYNAR, P.J.

2. FRAUDS, STATUTE OF — EQUITY — PARTIAL PERFORMANCE — CONTRACTS.

*Equity will regard a contract which is otherwise subject to the statute of frauds as removed from the operation of the statute where one party, in reliance upon the contract, has performed his obligations thereunder so that it would be a fraud upon him to allow the other party to repudiate the contract by interposing the statute.*

*Ronald H. Ring,* for plaintiff.

*Samuel A. Ragnone,* for third-party plaintiffs Frank and Madge Szczepanski.

*Roger W. Kittendorf,* for defendant.

Before: CYNAR, P.J., and M. J. KELLY and R. L. EVANS,* JJ.

PER CURIAM. Third-party defendant appellant appeals as of right from a divorce judgment entered November 22, 1982. Appellant challenges (1) the property settlement disposition of the marital home, and (2) a $30,000 ancillary judgment in

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

favor of third-party plaintiffs Frank and Madge Szczepanski.

Carol and Stanley Smela were married on September 2, 1967. Carol Smela filed for divorce on October 30, 1979, and on July 31, 1981, Frank and Madge Szczepanski, Carol's parents, filed a third-party complaint in the divorce proceeding seeking a judgment against the Smelas in the amount of $30,000. At the hearing, Carol Smela and the Szczepanskis testified that, in 1975 and in 1976, the Szczepanskis had loaned the Smelas $30,000 to enable the Smelas to purchase their marital home in Genesee County. While the funds were loaned without execution of any written document evidencing the debt, the witnesses testified that the parties had agreed that the loan would bear 6% interest and that payments would be made in the amount of $180 per month. Carol Smela subsequently executed a promissory note and a second mortgage acknowledging the loan. Defendant, however, testified that he understood the money to be a gift because, when he initially attempted to begin the monthly payments, Mr. Szczepanski had informed him that he should consider the money a gift. Defendant refused to sign a promissory note five years after receiving the first installment on the loan.

The trial court first decided the merits of the third-party complaint, finding that the money was a loan and not a gift and finding both Carol and Stanley Smela liable. Following a trial on the divorce action, the court awarded plaintiff the marital home encumbered by a $16,460.50 lien in favor of the defendant. The value of defendant's interest in the home was its market value reduced by the amount of the balance owed on the mortgage (which Carol Smela was to assume and pay)

and by the $30,000 judgment in favor of the Szczepanskis, the net divided in half.

While neither party challenged the jurisdiction of the trial court to adjudicate the claim of the Szczepanskis, we find that question so basic as to be dispositive.

The circuit court has no jurisdiction in a divorce proceeding to adjudicate the rights of any party other than the husband and wife. Michigan divorce statutes do not permit the courts to order conveyance of property or interests in property to third parties. The only exception is where a third party has conspired with a husband or a wife to defraud the other spouse out of his or her property rights. *Yedinak v Yedinak,* 383 Mich 409; 175 NW2d 706 (1970); *Hoffman v Hoffman,* 125 Mich App 488; 336 NW2d 34 (1983); *Krueger v Krueger,* 88 Mich App 722; 278 NW2d 514 (1979), *lv den* 406 Mich 1003 (1979); *Sabourin v Sabourin,* 67 Mich App 100, 104-105; 240 NW2d 284 (1976).

Moreover, while defendant never challenged the right of the Szczepanskis to join the divorce proceedings, defendant contested at trial and continues to contest on appeal his liability to the Szczepanskis for recovery of money damages. Thus, the third-party judgment cannot be affirmed on the ground that the trial court has authority to accept whatever property settlement the parties reach by stipulation. *Kasper v Metropolitan Life Ins Co,* 412 Mich 232; 313 NW2d 904 (1981).

We vacate the $30,000 third-party judgment against Carol and Stanley Smela. (The Szczepanskis may initiate some independent action to recover their loan and defendant may test his statute of frauds defense in a proper case.) This case is remanded to the trial court for reconsideration of the property settlement provisions of the divorce decree. We find no showing of prejudice or bias

requiring the disqualification of the trial judge in this case. *People v Lobsinger,* 64 Mich App 284; 235 NW2d 761 (1975), *lv den* 395 Mich 802 (1975).

Vacated in part and remanded.

CYNAR, P.J. *(dissenting).* The third-party complaint alleges a $30,000 loan to the Smelas for purposes of purchasing the marital home. The Szczepanskis alleged the third-party action was necessary to protect their interest in the event the circuit court proceeded with the property settlement in this divorce case. In answering, while contending the money was a gift, not a loan, the defendant did not object to the third-party complaint. Plaintiff, daughter of the Szczepanskis, admitted that the money was a loan and agreed that the third-party complaint should be adjudicated in the divorce proceeding. At trial, defense counsel agreed that defendant had no objection to the third-party complaint as part of the divorce proceeding.

The third-party claim was decided before the trial court proceeded to decide the merits of the divorce action. The court found in favor of the third-party plaintiffs in the amount of $30,000.

The Szczepanskis and defendant Smela could not agree on the terms of the third-party judgment. Following a hearing to settle the third-party judgment, the court approved the judgment submitted by the Szczepanskis and it was entered.

After the divorce trial was resumed, plaintiff and defendant resolved their differences concerning the property settlement. Plaintiff's attorney stated the terms of the parties' settlement on the record and both plaintiff and defendant acknowledged their understanding and acceptance of the settlement. However, plaintiff and defendant were unable to agree on the terms of the divorce judg-

ment as it concerned the obligations of the parties
with respect to the marital home. A hearing was
held on defendant's motion "to clarify conflicting
judgments". Defendant proposed that the divorce
judgment provide that the Szczepanskis have a
lien on the marital home in the amount of
$30,000, plus interest and attorney fees. Plaintiff
objected and proposed language which obligated
the plaintiff to pay defendant $16,460 upon sale of
the house but made this division of the parties'
equity dependent upon affirmance by the Court of
Appeals of the third-party judgment. A divorce
judgment was entered incorporating the language
proposed by plaintiff.

Defendant filed a claim of appeal. Defendant-
appellant raised two issues in his brief, contending
that the trial court erred in ruling that the loan in
question was recoverable because it did not fall
within the statute of frauds and requesting the
disqualification of the trial judge if the case is
remanded to the circuit court.

Following the filing of a brief by defendant-ap-
pellant, plaintiff-appellee filed a motion with this
Court to remand this matter to the circuit court to
resolve the question of whether the husband or
wife was to pay the third-party judgment previ-
ously entered against both parties. There was no
objection to the motion. The motion was granted.
At the remand hearing, the parties submitted a
proposed revised divorce judgment. The trial judge
expressed a lack of understanding for a need of a
remand but signed the proposed amended divorce
judgment because both plaintiff and defendant
agreed to it.

The amended judgment provides that plaintiff is
awarded the marital home and is to assume the
balance owed to the lending institution and is to
pay the third-party judgment of $30,000, holding

defendant harmless from any further obligation with respect thereto, provided, however, that plaintiff's obligation with respect to the indebtedness is subject to affirmance by this Court of the third-party judgment.

I agree with the majority that there is no showing of prejudice or bias requiring the disqualification of the trial judge in this case.

Further, the trial court made a finding of fact, that the $30,000 transaction was in fact a loan, not a gift. In reviewing factual determinations made by the court, this Court, on review, applies the "clearly erroneous" standard found in GCR 1963, 517.1. A finding of fact is not clearly erroneous unless this Court, upon review of the entire record, is left with a definite and firm conviction that a mistake has been made. In my opinion, the trial court's finding that the transaction was a loan and not a gift was not clearly erroneous.

The trial court reached the right result. The statute of frauds was designed to prevent fraud, not as an instrumentality to be used in aid of fraud. *Mahon v Sahration*, 310 Mich 563, 568; 17 NW2d 753 (1945), citing *Guzorek v Williams*, 300 Mich 633; 2 NW2d 796 (1942). The Szczepanskis fully performed the contract by lending the $30,000. The Smelas received the money. Defendant should not be permitted to repudiate the contract by interposing the statute of frauds.

The majority cites *Yedinak v Yedinak*, 383 Mich 409; 175 NW2d 706 (1970), and several Court of Appeals cases relying on *Yedinak*. Four justices in the *Yedinak* majority recognized "that it is beyond the power of a court of equity in divorce proceedings to grant a judgment to others than the husband and wife because such proceedings are strictly statutory and the statutes governing divorce do not provide for it". *Yedinak, supra,* p 415.

Justice ADAMS, with whom Justice BRENNAN concurred, wrote separately to remand for a redetermination of the property settlement. Justice BLACK dissented from the majority opinion. Justices ADAMS, BRENNAN and BLACK all observed there was no good reason why the circuit court should not exercise general equity powers in divorce proceedings, so long as statutes governing divorce are not disregarded.

In this case, without question, this litigation has been costly and has consumed a considerable amount of time. Reversal on the basis of a lack of jurisdiction will entail additional expense and time. In my opinion, the Michigan Supreme Court should consider revisiting *Yedinak.*