DECISION AND ORDER
PER CURIAM.
This case comes to the Appellate Court as an appeal from an order of the Tribal Court, Judge Jenny Lee Kronk presiding, refusing to give full faith and credit to a state civil judgment awarded in favor of TBA Credit Union against Brandon Scott Giem. For the reasons discussed below, the Appellate Court reverses the decision of the Tribal Court and orders the Tribal Court to give full faith and credit to the state civil judgment at issue and review and act on TBA Credit Union’s request to garnish the wages of Mr. Giem accordingly-
I. FACTS
Defendant-Appellee Brandon Scott Giem and his wife applied for a TBA Credit Union automobile loan on July 13, 2004, from Plaintiff-Appellant TBA Credit Union. Mr. Giem and his wife eventually defaulted on the loan. TBA Credit Union repossessed and sold the vehicle, leaving an outstanding balance owed by Mr. Giem and his wife, on March 21, 2006, of $9,826.95. On March 23 and July 11, 2006, TBA Credit Union submitted demand letters to both Mr. Giem and his wife requesting they make arrangements to address the deficiency.
After Mr. Giem and his wife failed to address the demand letters, TBA Credit Union filed suit against Mr. Giem in Char-levoix County District Court to reclaim the funds owed to it. Mr. Giem’s answer requested that a separate suit be filed against his wife, since he and his wife were in the process of a divorce. TBA Credit Union complied with the request and ultimately obtained a default judgment in the amount of $10,337.01 against his wife for the balance of the loan plus interest and costs on November 15, 2006. On December 19, 2006, the Charlevoix County District Court also entered judgment in the amount of $10,400.61 against Mr. Giem for the balance of the loan plus interest and costs.
On January 11, 2007, after civil judgment had been granted against Mr. Giem and his wife both jointly and severally, the Charlevoix County District Court granted a divorce between Mr. Giem and his wife. In the divorce decree within the portion *25 labeled “Property Division,” the document states that the Defendant (Susan Giem, Mr. Giem’s wife) “is responsible for, and must hold plaintiff harmless from the following liabilities: ... [d]ebt associated with the deficiency on repossession of the automobile by TBA Credit Union; and debt associated with vehicle (approximately $10,000).” Giem v. Giem, Charlevoix County Circuit Court, File No. 06 151 21 DM, January 11, 2007, at S (hereinafter referred to as “Giem Divorce Decree”). The divorce decree then states the following:

Each party shall hold the other harmless from any debts or obligations they are required to pay pursuant to the terms of this judgment and they shall indemnity [sic] the other party from any liability they are required to pay. Id. at k.

Following the civil judgment entered against him for the unpaid auto loan, Mr. Giem failed to make payments to TBA Credit Union. He also worked as an employee of Odawa Casino Resort, an enterprise wholly-owned by the Little Traverse Bay Bands of Odawa Indians. As a result, TBA Credit Union requested that the Tribal Court recognize the foreign judgment of the Charlevoix County District Court and begin garnishment proceedings against Mr. Giem. On June 26, 2008, the Tribal Court, Judge Jenny Lee Kronk presiding, ordered that “the Little Traverse Bay Bands of Odawa Indians will not give full faith and credit to the December 19, 2006 order of the Charlevoix County District Court [entering a civil judgment for $10,400.61 against Mr. Giem].” The Tribal Court refused to give full faith and credit to the state civil judgment because it concluded that the divorce decree entered January 11, 2007, in Charlevoix County District Court appeared to modify the civil judgment awarded TBA Credit Union on December 19, 2006. The Tribal Court then concluded that because it had found that the divorce decree modified the civil judgment, it would be repugnant to the public policy of the Little Traverse Bay Bands of Odawa Indians to enforce the civil judgment in Tribal Court.
II. ANALYSIS
The question presented for review by the parties is whether the Tribal Court should give full faith and credit to the civil judgment entered on December 19, 2006 by the Charlevoix County District Court. This civil judgment was awarded in favor of TBA Credit Union and against Mr. Giem in the amount of $10,400.61 for the defaulted auto loan.
Initially, we note that we must look to Michigan statutory and case law to determine the effect of Mr. Giem’s divorce decree on his obligation to repay the defaulted auto loan because the divorce decree at issue was entered by the Charlevoix County District Court. Under Michigan law, and the law of most jurisdictions, divorce decrees cannot adjudicate the rights of third-party creditors, such as TBA Credit Union in this case. Smela v. Smela, 141 Mich.App. 602, 367 N.W.2d 426, 428 (1985). Although it may potentially pose a hardship on the parties to a divorce proceeding, the rule has been adopted by most jurisdictions because of a belief that it would be unfair to adjudicate a third-party creditor’s rights in a divorce proceeding, where there is no requirement to provide notice to the third-party creditor and the third-party creditor also has no legal right to participate in the divorce proceeding.
We next turn to the express language in Mr. Giem’s divorce decree cited above. To hold a person “harmless” means, among other definitions, to keep another person “free from harm, liability or loss.” Merriam-Webster’s Collegiate Dictionary, *26 Eleventh Edition. This means that Mr. Giem’s ex-wife agrees to pay any debts and obligations she assumed under the divorce decree, including the unpaid auto loan. It also means that she will not seek compensation from Mr. Giem if TBA Credit Union tries to collect the unpaid auto loan balance from her.
Similarly, “indemnify” means, among other things, “to secure against hurt, loss, or damage” and “to make compensation to [a person] for incurred hurt, loss, or damage.” Merriam-Webster’s Collegiate Dictionary, Eleventh Edition. Both of these definitions suggest a right of Mr. Giem to seek reimbursement from his ex-wife if he has to pay an obligation assumed by her, such as the unpaid auto loan balance, rather than an immunity from being sued to pay the debt. Based upon Michigan case law and the express language used in the Charlevoix County District Court divorce decree, we conclude that TBA Credit Union can enforce its rights to collect the unpaid loan balance from Mr. Giem, but that he may have the right to seek reimbursement from his ex-wife for any payments he makes to TBA Credit Union on the unpaid debt.
Despite our decision today, we are not unsympathetic to Mr. Giem’s situation. We note that pursuant to the Charlevoix County District Court divorce decree, that court retains continuing jurisdiction to enforce the property division provisions of the decree. Giem Divorce Decree, 5. Without providing legal advice to Mr. Giem, we also note that this retention of jurisdiction appears to indicate that he has the ability to ask that court to order his ex-wife to reimburse him for any funds he pays to TBA Credit Union on the defaulted auto loan. We hope that Mr. Giem will explore his legal options in the Charlevoix County District Court.
III. CONCLUSION
Because the Appellate Court concludes that the Tribal Court improperly denied full faith and credit to the state civil court judgment which TBA Credit Union had obtained against Mr. Giem, we REVERSE the decision of the Tribal Court and REMAND the case to the Tribal Court with direction to enter an order granting full faith and credit to TBA Credit Union’s state civil court judgment. Furthermore, the Appellate Court directs the Tribal Court to review and act on TBA Credit Union’s request to garnish the wages of Mr. Giem in accordance with this Decision.
DECIDED AND APPROVED BY A UNANIMOUS APPELLATE COURT.