GALLISON *v.* GALLISON.

1. APPEAL AND ERROR—ANNULMENT—BIGAMOUS MARRIAGE.
   Determination of trial court in action for divorce, that ceremonial marriage entered into between plaintiff and defendant was of a bigamous nature, a nullity and void *ab initio* as defendant was at the time of the marriage legally married to another, is not disputed on appeal (CL 1948, §§ 551.5, 552.1).

2. MARRIAGE—BIGAMY—NULLITY—OFFSPRING—BASTARDS.
   A marriage contracted while either party has a wife or husband living is a nullity and void *ab initio,* and the offspring thereof are illegitimate (CL 1948, §§ 551.5, 552.1).

3. DIVORCE—STATUTORY ACTION—JURISDICTION.
   Jurisdiction in divorce is given by statute and every power exercised by the court with reference thereto must look for its source in statute or it does not exist (CL 1948, § 552.16).

4. BASTARDS—STATUTES—SUPPORT—PATERNITY.
   Statutory proceedings to provide support and to determine paternity of children born out of wedlock are provided under the paternity act (CLS 1961, § 722.11 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 9] 5 Am Jur 2d, Appeal and Error § 702 *et seq.*
[2] 10 Am Jur 2d, Bastards § 4.
[3] 24 Am Jur 2d, Divorce and Separation § 722 *et seq.*
[4] 10 Am Jur 2d, Bastards § 74 *et seq.;* 24 Am Jur 2d, Divorce and Separation § 240.
[5, 8] 10 Am Jur 2d, Bastards §§ 67, 68, 87.
   Effect of marriage of woman to one other than defendant upon her right to institute or maintain bastardy proceeding. 98 ALR 2d 256.
[6] 24 Am Jur 2d, Divorce and Separation § 876.
   4 Am Jur 2d, Annulment of Marriage §§ 103, 104.
   Determination of paternity, legitimacy, or legitimation in action for divorce, separation, or annulment. 65 ALR2d 1381.
[7] 5 Am Jur 2d, Appeal and Error § 726.
[10, 11] 4 Am Jur 2d, Annulment of Marriage § 103; 24 Am Jur 2d, Divorce and Separation § 708 *et seq.*

5. SAME—BIGAMOUS MARRIAGE—PATERNITY ACTION—JUDICIAL DEC-
LARATION.

   Plaintiff mother was precluded from using the paternity act
       proceeding until there was a judicial declaration of nullity,
       although the marriage was of a bigamous nature and void *ab
       initio* (CLS 1961, § 722.711 *et seq.*).

6. DIVORCE—ANNULMENT—PATERNITY—CHILD   SUPPORT—MULTIPLE
LITIGATION.

   Determination by trial court of paternity and liability for sup-
       port of minor child in divorce action where the marriage
       was held to be bigamous and void *ab initio held,* proper,
       and such exercise of the statutory power eliminates the neces-
       sity for multiple litigation (CL 1948, § 552.16).

7. APPEAL AND ERROR—DIVORCE—PATERNITY ACT—TIMELY DEMANDS.
   Question of whether the defendant could have procured rights
       available under paternity act proceeding in action for divorce,
       where marriage was found to be of a bigamous nature and
       void *ab initio,* need not be determined as he made no timely
       demands for them in the proceedings below (CLS 1961,
       § 722.711 *et seq.*).

8. MARRIAGE—SELECTION OF REMEDIES—PATERNITY ACT.

   Plaintiff in divorce action in which marriage was held to be
       of a bigamous nature and void *ab initio* could subsequently
       have availed herself of the paternity act for the determina-
       tion of paternity and liability for support of minor child, if
       the issues had not been submitted to, and ruled upon, by the
       court below in the exercise of its statutory powers (CL 1948,
       § 552.16; CLS 1961, § 722.711 *et seq.*).

9. APPEAL   AND   ERROR—DIVORCE—ANNULMENT—PATERNITY—CHILD
SUPPORT.

   Findings of trial court in divorce action, where marriage was
       found to be of bigamous nature and void *ab initio,* as to pa-
       ternity and liability for support of minor child *held,* supported
       by the record, where although defendant's answer contained a
       denial of paternity, he introduced no evidence in support of
       the denial at trial, and there was sufficient undisputed evidence
       of access to support finding that defendant was the father of
       plaintiff's child born during the period of cohabitation (CL
       1948, § 552.16).

10. DIVORCE—SUPPORT—ARREARAGE OF SUPPORT FOR MINOR CHILD.
    Defendant's contention that trial court erred in ordering the defendant to pay arrearage support money owing in divorce action terminated by a judgment of annulment *held*, without merit (CL 1948, §§ 552.3, 552.15).

11. MARRIAGE—ANNULMENT—SUPPORT FOR MINOR CHILD—ARREARAGE.
    Trial court in which plaintiff sought divorce or annulment had jurisdiction to determine paternity and order payment of support money, inclusive of arrearage due in its adjudication of annulment.

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted Division 1 October 7, 1966, at Detroit. (Docket No. 2,049.)   Decided December 22, 1966.

Amended complaint by Delores Anne Gallison against Ralph C. Gallison for divorce or annulment. Judgment of annulment granted. Defendant appeals as to finding of paternity and support order. Affirmed.

*Joseph Shulman,* for plaintiff.

*James Thomson,* for defendant.

LESINSKI, C. J.   Defendant Ralph C. Gallison appeals an adjudication of annulment granted below where he was found to be the father of plaintiff Delores Anne Gallison's child, Patricia Anne, and adjudged to pay permanent support for said child.

There is no dispute on appeal as to the determination below that the ceremonial marriage entered into between plaintiff and defendant on November 4, 1961, was of a bigamous nature, a nullity and void *ab initio,* as the defendant was, at that time, legally married to one Lillian B. Gallison.   Further, the

defendant does not contest the adjudication of annulment itself, but only the additional provisions encompassed therein which determined his paternity of, and liability for support of, the above-mentioned child.

The plaintiff had filed a complaint for divorce and obtained an *ex parte* order on March 24, 1965, for support of her child born on September 1, 1962. Defendant filed a motion for accelerated judgment on the ground that the parties had entered into a bigamous marriage; this motion was denied. Plaintiff followed this with an amended complaint consisting of two counts: the first, seeking a divorce, and the second, an annulment. Defendant's answer admitted only that the plaintiff was entitled to an annulment. Proceedings were held on March 8, 1966, which resulted in the adjudication appealed from here.

The two issues raised on this appeal question the jurisdiction of the court to determine, in an annulment proceeding, the paternity of a child born during a bigamous relationship and the validity of its support order flowing from such a determination.

Both parties cite as background authority CL 1948, § 551.5 (Stat Ann 1957 Rev § 25.5),[1] and CL 1948, § 552.1 (Stat Ann 1957 Rev § 25.81).[2] The defendant's contention of error below is based upon

---

[1] "No marriage shall be contracted whilst either of the parties has a former wife or husband living, unless the marriage with such former wife or husband, shall have been dissolved."

[2] "All marriages which are prohibited by law on account of consanguinity or affinity between the parties, or on account of either of them having a former wife or husband then living, and all marriages solemnized when either of the parties was insane or an idiot, shall, if solemnized within this state, be absolutely void, without any decree of divorce or other legal process. Provided, That the issue of such marriage, except that contracted while either of the parties thereto had a former husband or wife living, shall be deemed legitimate."

these statutes which declare that such a marriage is void, and the offspring thereof illegitimate, and upon four cited Michigan cases.

The first three cases enunciate the general proposition that divorce proceedings are statutory in nature. Beyond this general, undisputed principle, the cases are of no help to the defendant as they are factually distinguishable from the instant case.

*Hintz* v. *Wayne Circuit Judge* (1929), 245 Mich 306, dealt with the lack of statutory power in the lower court to direct or compel the husband by interlocutory order to conserve his property rights or those of his wife. The *Hintz Case* was an appeal from an order for temporary alimony rather than an appeal from an order of support payments decreed subsequent to a full hearing as in the case at bar.

*Wieser* v. *Wayne Circuit Judge* (1929), 247 Mich 52, presented a fact situation wherein a decree of divorce, based upon the default of defendant, was entered which showed "by its own recitals [that] the court was without jurisdiction to make it." The defendant was in Germany at the time and had not received the requisite notice.

*Jackson City Bank & Trust Co.* v. *Fredrick* (1935), 271 Mich 538, placed the validity of a divorce decree before the Court in connection with a determination of the title to certain realty. By a thorough analysis of the distinction between a want of jurisdiction and a mistake in its exercise, the Court rejected the contention on appeal that the court which issued the decree was without jurisdiction. Other than the language used by the *Jackson* Court at the outset of this discussion, and cited by defendant here that "Jurisdiction of divorce proceedings is special and statutory," this case is of little aid to defendant.

The fourth case relied upon by plaintiff, *Walker* v. *Walker* (1948), 323 Mich 137, is factually closest to the case at bar. In *Walker,* there was an alleged common-law marriage "which was void because of the pre-existing and continuing marriage of the defendant." The Court held that under this fact situation the lower court erred in determining the *property rights* of the parties which, under the statutes then applicable, required that the plaintiff pursue her remedies in separate proceedings.

These authorities have been set forth in some detail because they indicate that statutory authority is a prerequisite to our affirmation of the judgment below; or otherwise stated, that without such authority we would be compelled to reverse on appeal.

As the plaintiff's brief on appeal noted to this Court, the precise question before us here has not been previously ruled upon in Michigan. Prior to a review of law elsewhere on the question of whether the court had jurisdiction to determine paternity in the proceedings below, it is helpful to note the case of *Yanoff* v. *Yanoff* (1927), 237 Mich 383. In *Yanoff,* the primary issue determined was that antenuptial nonaccess at the time of conception may be "established by proof made by others" (excluding testimony by the husband and wife). The *Yanoff* Court affirmed an annulment on the ground of fraud; and in so doing *sub silentio* permitted a determination of paternity in an annulment proceeding.

It is worth noting as additional background material some pertinent language from an annotation in 65 ALR2d 1381, entitled "Determination of paternity, legitimacy, or legitimation in action for divorce, separation, or annulment" at p 1387:

"Occasionally one finds an intimation that a divorce court has no jurisdiction to adjudicate the status or paternity of a minor. What these cases

mean is that if the divorce court does not have the child before it as a party to the action, it cannot make a determination which will be conclusive on the child; * * * but they do not hold that a divorce court cannot determine the facts when paternity is material to some other issue of which the court has jurisdiction."

As referred to above, Michigan has no case law on point. However, there is a statute, CL 1948, § 552.16 (Stat Ann 1957 Rev § 25.96),[3] which plaintiff contends is applicable to the circumstances of the instant case and can be relied upon to uphold the decision below. Our sister State of Nebraska has had occasion to determine a factually analogous situation in the context of a similar statute[4] in *Timmerman* v. *Timmerman* (1957), 163 Neb 704 (81 NW2d 135). In *Timmerman*, the plaintiff sought a divorce and custody of the child; she received temporary allowances. The defendant's answer admitted the marriage ceremony and child born to plaintiff, but denied the validity of the marriage. Subsequently the defendant filed a motion for summary judgment for the reason that the marriage was null and void and that, therefore, no divorce action was maintainable. Said motion was overruled. A trial was held which resulted in a determination *inter alia*, that the marriage was void; that the child was born out of

---

[3] "Upon pronouncing a sentence or decree of nullity of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper, concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children, or any of them, shall remain."

[4] "Upon pronouncing a sentence or decree of nullity of a marriage * * * the court may make such further decree as it shall deem just and proper concerning the care, custody, and maintenance of the minor children of the parties, and may determine with which of the parents the children or any of them shall remain." Neb RRS 1943, § 42-311.

wedlock; and that the defendant was the father of said child and must pay support.

In the words of the *Timmerman* court (p 708):

"The basic contention [for reversal] is that this is an action for divorce, and it having been shown that a valid marriage did not exist, the court was without right to try and determine any other issue."

The *Timmerman* court cited Nebraska law, comparable to that previously referred to in Michigan, for the proposition that jurisdiction in divorce "is given by statute and every power exercised by the court with reference thereto must look for its source in statute or its does not exist."

*Timmerman* held that the Nebraska statute set forth in note 4 was applicable. It determined that if the authority was not within the equitable powers of the court, then it was barred from a complete exercise of the power specifically granted to it by the statute.

This determination is in keeping with a reasonable construction of the statute, as well as the present trend in interpretation thereof. Without attempting to set forth copious authority, we refer finally to a recent California case.

In *Cortijo* v. *Cortijo* (1960), 179 Cal App 2d 680 (4 Cal Rptr 144), the issue on appeal was the jurisdiction of the trial court to amend its decree annulling the marriage to show that a son was born of this marriage. The California court turned to the provision[5] in its code dealing with annulment, which again bears a similarity to the Michigan statute, *supra,* and found at p 681 that "on its face, this provision seems clearly to authorize consideration

---

[5] " 'The court may during the pendency of the action, or at the time the judgment is rendered or at anytime thereafter make such order for the custody, care, education, maintenance and support of such children during their minority' as seems proper (Calif Civ Code § 84)." *Cortijo, supra,* at 681.

by the court of the order here sought." It further states at p 681 that "there can be no doubt of the jurisdiction to determine whether the child here involved was conceived or born before the decree of annulment."

Divorce and annulment proceedings, as ably pointed out by defense counsel and discussed at length above, are statutory in nature. It was pursuant to such statutes that the plaintiff brought this action and that the trial judge ruled.

Statutory proceedings to provide support and to determine paternity of children *born out of wedlock* are provided under the paternity act, PA 1956, No 205 (CLS 1961, § 722.711 *et seq.* [Stat Ann 1957 Rev § 25.491 *et seq.*]). Although the marriage here is, as a matter of law, void *ab initio,* until there was a judicial declaration of nullity, the plaintiff was precluded from using the paternity act proceedings.

If the issue of paternity and support of the minor child had not been submitted to, and ruled upon, by the court below in the exercise of its statutory powers under CL 1948, § 552.16, *supra,* plaintiff subsequently could have availed herself of the paternity act, which gives other rights to the parties to such an action. The situation just hypothesized is not before us in the instant case. It is noteworthy, however, that one ancillary by-product of the full exercise of the powers given under CL 1948, § 552.16, *supra,* is the elimination of the necessity for multiple litigation and the difficulties inherent therein.

We need not determine the question of whether the defendant here could have procured the rights in the present action which are available under paternity act proceedings[6] as he made no timely demands for them in the proceedings below.

---

6 CLS 1961, § 722.715 (Stat Ann 1957 Rev § 25.495) provides that "Trial shall be by court without a jury, except that the alleged father may demand trial by jury." CLS 1961, § 722.716 (Stat

Although the defendant's answer contained a statement denying paternity, he neither introduced, nor attempted to introduce, evidence in support of this denial at trial. On the other hand, there was sufficient undisputed evidence of access presented at trial for the court to find that the defendant was the father of plaintiff's child born during the period of cohabitation, for the purpose of ordering maintenance and support upon pronouncing a decree of nullity, under CL 1948, § 552.16, *supra.*

The defendant's contention that the court below erred in ordering the defendant to pay arrearage support owing (which had been ordered *ex parte* following plaintiff's original complaint) is without merit. CL 1948, § 552.15 (Stat Ann 1957 Rev § 25.95) permits the court to make "such order concerning the care and custody of the minor children of the parties, and their suitable maintenance, during the pendency of such suit [for divorce], as shall be deemed proper and necessary." This gave the original authority for the support order. CL 1948, § 552.3 (Stat Ann 1957 Rev § 25.83) which deals with procedure to annul, states that "such petition or bill shall be filed and proceedings shall be had thereon, as in the case of a petition or bill filed in said court for a divorce." When these two statutes are read in context with CL 1948, § 552.16, *supra,* which provides for both the annulment and the divorce situation, and gives the court authority to "make such further decree as it shall deem just and proper," it is clear that the lower court was within its jurisdiction in adjudging that the temporary support

---

Ann 1957 Rev § 25.496) provides that "In any proceeding under this act before trial, the court, upon application made by or on behalf of the alleged father, shall order * * * blood tests."

payments ordered pursuant to statute were to be
paid by defendant.

⁚ The court below had jurisdiction under Michigan
statute to determine the paternity, so as to order the
payment of support money, inclusive of the ar-
rearage due, in its adjudication of annulment under
the facts of the instant case.

Judgment affirmed. Costs to appellee.

J. H. GILLIS and HOLBROOK, JJ., concurred.