## GONZALES v GONZALES

Docket No. 52858. Submitted April 14, 1982, at Lansing.—Decided
    June 9, 1982.

Plaintiff, Michaelyn Gonzales, filed a complaint for divorce in the
    Grand Traverse Circuit Court. The complaint alleged, in perti-
    nent part, that plaintiff and defendant, Eugenio Gonzales,
    cohabited as husband and wife until February 25, 1972. The
    complaint also alleged that during the marriage "plaintiff bore
    unto the said defendant one minor living child: Juan Jose
    Gonzales, born August 8, 1975". Plaintiff's affidavit, filed with
    the complaint, alleged that the divorce action would involve a
    determination of the custody of Juan. The trial court entered
    an *ex parte* temporary custody and support order granting
    plaintiff custody of Juan and granting defendant visitation
    rights. Defendant was also ordered to pay $35 per week child
    support. The prosecuting attorney filed an appearance on be-
    half of the minor child of the parties to insure that personal
    service was made on the defendant. The trial judge signed an
    order to answer stating that defendant should take whatever
    action permitted by law on or before June 15, 1980. The order
    to answer stated that plaintiff was seeking a divorce, custody of
    the minor child of the marriage, and child support if defendant
    is determined to be the legally responsible parent of the minor
    child. An affidavit of mailing of the order to answer was filed
    with the court. The affidavit indicated that the order to answer
    was mailed to defendant at his last known address in Dallas,
    Texas, by certified mail, return receipt requested. The lower
    court file indicates that the envelope containing the order to
    answer was returned, unopened, to the sender. Plaintiff filed an
    affidavit indicating that the order to answer was published in a.
    daily newspaper published in Grand Traverse County, Michi-
    gan. A hearing was conducted on plaintiff's complaint for
    divorce. The prosecuting attorney's office participated in the
    hearing as the representative of the minor child. The trial
    judge noted that service had been made on defendant by
    publication and that defendant had failed to appear and answer

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 245, 772 *et seq.*

the complaint. The trial court granted the divorce sought by plaintiff and, based on plaintiff's unrebutted testimony, adjudged, over the prosecuting attorney's objections, that the parties had had no access to each other at all relevant times and that the minor child was not the legitimate issue of the marriage between plaintiff and defendant. The prosecuting attorney appealed on behalf of the minor child. *Held:*

A court must have in personam jurisdiction over the defendant to make a determination of paternity incident to a divorce decree.

Judgment vacated in part and remanded.

DIVORCE — PARENT AND CHILD — PATERNITY — JURISDICTION.

A court must have in personam jurisdiction over the defendant to make a determination of paternity incident to a divorce decree.

Legal Services of Northern Michigan (by *Robert S. Dombroski),* for plaintiff.

*John D. Foresman,* Prosecuting Attorney, and *Charles H. Koop,* Assistant Prosecuting Attorney.

Before: DANHOF, C.J., and R. B. BURNS and WAHLS, JJ.

PER CURIAM. This is an appeal as of right on behalf of a minor child, Juan Jose Gonzales, from the trial court's judgment of divorce.

On November 15, 1979, plaintiff, Michaelyn Gonzales, filed a complaint for divorce in Grand Traverse County. The complaint alleged, in pertinent part, that plaintiff and defendant, Eugenio Gonzales, cohabited as husband and wife until February 25, 1972. The complaint also alleged that during the marriage "plaintiff bore unto the said defendant one minor living child: Juan Jose Gonzales, born August 8, 1975". Plaintiff's affidavit, filed with the complaint, alleged that the divorce action would involve a determination of the custody of Juan.

On November 28, 1979, the prosecuting attorney

for the County of Grand Traverse filed a waiver of notice of hearing. On December 10, 1979, the trial court entered an *ex parte* temporary custody and support order granting plaintiff custody of Juan and granting defendant visitation rights. Defendant was also ordered to pay $35 per week child support.

In February of 1980, the prosecuting attorney filed an amended appearance on behalf of the minor child of the parties.[1] The stated purpose for the appearance was to insure that personal service was made on the defendant.

On April 11, 1980, the trial judge signed an order to answer stating that defendant should take whatever action permitted by law on or before June 15, 1980. The order to answer stated that plaintiff was seeking a divorce, custody of the minor child of the marriage, and child support if defendant is determined to be the legally responsible parent of the minor child.

On April 14, 1980, an affidavit of mailing of the order to answer was filed with the court. The affidavit indicated that the order to answer was mailed to defendant at his last known address in Dallas, Texas, by certified mail, return receipt requested. The lower court file indicates that the envelope containing the order to answer was returned, unopened, to the sender.

On May 20, 1980, plaintiff filed an affidavit indicating that the order to answer was published

---

[1] This notice also advised the court that an action under the Uniform Reciprocal Enforcement of Support Act (URESA), MCL 780.151 *et seq.;* MSA 25.225(1) *et seq.,* had been transferred from Benzie County to Grand Traverse County. At the divorce hearing plaintiff testified that she had instituted a URESA action against defendant in Benzie County in 1978. She stated that she believed that service on that action was successful in that she had received a letter saying that defendant was too ill to support her son.

in a daily newspaper published in Grand Traverse County, Michigan.

On June 26, 1980, a hearing was conducted on plaintiff's complaint for divorce. The prosecuting attorney's office participated in the hearing as the representative of the minor child. The trial judge noted that service had been made on defendant by publication and that defendant had failed to appear and answer the complaint. The trial court granted the divorce sought by plaintiff and, based on plaintiff's unrebutted testimony, went on to find, over the prosecuting attorney's objections, that the parties had had no access to each other at all relevant times and that the minor child was not the legitimate issue of the marriage between plaintiff and defendant.

On June 30, 1980, the judgment of divorce was entered. The judgment stated that plaintiff's minor child was not the legitimate issue of the marriage.

On behalf of the minor child, the prosecuting attorney's office appeals from that portion of the divorce decree addressing the legitimacy of the minor child.

On appeal, the prosecuting attorney argues that the circuit court could not reach the question of the minor child's legitimacy since it never acquired personal jurisdiction over the nonresident defendant.[2] Plaintiff counters this assertion by arguing that, since this is a divorce action, personal jurisdiction over the defendant was not re-

---

[2] We note that the present case does not require us to determine whether a paternity determination made incident to a divorce decree is binding on the minor child. Those jurisdictions which have addressed this issue generally have held that paternity determinations made incident to divorce proceedings are not binding on the child in any subsequent action unless the child was made a party to the divorce. See Anno: *Effect, in subsequent proceedings, of paternity findings or implications in divorce or annulment decree or in support order made incidental thereto*, 78 ALR3d 846.

quired. Rather, according to plaintiff, process by publication was all that was required under GCR 1963, 106 to bring defendant into the action and to give the trial court authority to determine the question of the minor child's legitimacy.

Preliminarily we note that a number of Michigan cases have recognized that a court which is competent to hear an action for divorce or annulment may incidently thereto determine paternity or legitimacy of minor children born during the marriage. See *Serafin v Serafin,* 401 Mich 629; 258 NW2d 461 (1977), *Smith v Robbins,* 91 Mich App 284, 292-293; 283 NW2d 725 (1979), *Gallison v Gallison,* 5 Mich App 460; 146 NW2d 812 (1966). See, generally, Anno: *Determination of paternity, legitimacy, or legitimation in action for divorce, separation, or annulment,* 65 ALR2d 1381. Oftentimes the question of a child's paternity will arise incidental to a divorce wherein the wife applies for child support and the husband asserts, as a defense, that he is not the father of the child. See, for example, *Serafin.* The instant case presents a somewhat different factual context in that plaintiff is not claiming support, but, rather, is claiming that defendant is not the natural father of her child.

We also note that an action for divorce is considered *quasi in rem,* by virtue of the court's jurisdiction over the marital status of the resident party. Therefore, personal jurisdiction over defendant is not required and service by publication, pursuant to GCR 1963, 106, is deemed sufficient. *Arnold v Arnold (Amended Opinion),* 60 Mich App 89; 230 NW2d 280 (1975). However, the fact that personal jurisdiction is not required to divorce the parties from the bonds of matrimony does not mean that personal jurisdiction is not required to validate

other aspects of a divorce decree. Thus, for example, the United States Supreme Court has held that in personam jurisdiction is required to cut off the child custody rights of a nonresident parent. *May v Anderson,* 345 US 528; 73 S Ct 840; 97 L Ed 1221 (1953).

While we have not been able to find any Michigan case which has addressed the issue whether a paternity determination incident to a divorce decree may only be rendered by a court having jurisdiction over the person of the defendant, this issue has been addressed in other jurisdictions. Thus, in *Lightell v Lightell,* 394 So 2d 41, 42-43 (Ala Civ App, 1981), the Court stated:

"Although the granting of a divorce requires only that the court have jurisdiction over the marital res, a judgment establishing paternity generally requires personal jurisdiction over· the defendant. *Brondum v Cox,* 292 NC 192; 232 SE2d 687 (1977); *Watkins v Watkins,* 194 Tenn 621; 254 SW2d 735 (1953). A note entitled *Developments in the Law-State Court Jurisdiction,* in 73 Harv L Rev 909 [980 (1960)] offers sound reasoning on the subject where it states:

" 'Although the paternity plaintiff has occasionally argued that jurisdiction should be assumed *ex parte,* that contention has been universally rejected even by courts which have found ·no difficulty in sustaining *ex parte* jurisdiction over divorce, on the ground that there exists a fundamental difference between actions such as divorce which merely sever a personal status—although they may continue preexisting obligations—and actions like paternity which impose new affirmative duties and obligations. * * * Because of the extremely harsh and unfair consequences of an erroneous judgment, jurisdiction in paternity cases should be allowed only upon ·compliance with the general criteria of fairness and convenience applicable to other types of personal actions * * *.'

"* * * A judgment establishing paternity necessarily

fixes upon the defendant father a personal obligation for support of the minor child and certain rights of inheritance. *Brondum v Cox, supra.* A paternity determination incident to a divorce decree must be rendered by a court having jurisdiction over the person of the defendant."

The instant case differs factually from *Lightell* in that plaintiff is attempting to establish that defendant is not the natural father of her child, just the opposite of what the plaintiff was attempting to establish in *Lightell.* Nevertheless, we agree with the reasoning of *Lightell,* and the cases cited therein, and find them applicable to the instant case. Therefore, we hold that determination of paternity may be made incidentally to a divorce decree only by a court having jurisdiction over the person of the defendant. For a nonresident father, such as defendant, this jurisdiction may be acquired where the requirements of Michigan's long-arm statute, MCL 600.705; MSA 27A.705, and the requirements of GCR 1963, 105, have been met.

Since the trial court did not have personal jurisdiction over defendant, that portion of the divorce decree purporting to determine the legitimacy of the minor child is set aside. This case is remanded to the trial court where, if plaintiff so desires, she may attempt to establish that defendant had contacts with this state sufficient to subject him to personal jurisdiction. If the trial court determines that defendant is subject to personal jurisdiction, plaintiff may then attempt to effectuate process pursuant to GCR 1963, 105.

No costs. A public question being involved.