LYNCH v LYNCH

Docket Nos. 61780, 62928. Submitted March 23, 1983, at Detroit.— Decided July 7, 1983.

Plaintiff, Michael O. Lynch, and defendant, Sharon Sue Lynch, were divorced on August 31, 1979. On June 3, 1980, a child was born to defendant. Defendant sought to amend the judgment of divorce to require plaintiff to pay child support, claiming that the child was conceived prior to the divorce and that plaintiff was the father. The Monroe Circuit Court, James J. Kelley, J., granted amendment of the divorce judgment and ordered child support. Plaintiff appealed, alleging that the issue should have been determined in an action under the Paternity Act and that plaintiff should have had a right to a jury trial. *Held:*

The trial court properly decided the issue. The Paternity Act applies only to a child of a woman who was not married from conception to the date of birth of the child or a child who was born during a marriage but was not the issue of the marriage. The evidence indicated that the child was conceived prior to the divorce.

Affirmed.

Divorce — Child Support — Amendment of Judgments.

A trial court may properly amend a judgment of divorce to provide for child support for a child allegedly conceived as a child of the parties during the marriage but whose existence was not known to them at the time of divorce.

*Thomas A. Nordstrom,* for plaintiff.

*Kirk D. McMullen,* Special Prosecutor for Domestic Affairs, for defendant.

References for Points in Headnote

24 Am Jur 2d, Divorce and Separation § 861.

Father's liability for support of child furnished after entry of decree of absolute divorce not providing for support. 69 ALR2d 203.

Before: R. M. MAHER, P.J., and MACKENZIE and
M. B. BREIGHNER,* JJ.

PER CURIAM. Plaintiff filed a complaint for di-
vorce on January 9, 1979, and a judgment of
divorce was entered on August 31, 1979. Defen-
dant subsequently sought amendment of the judg-
ment of divorce to require plaintiff to pay support
for a child born to her on June 3, 1980. Defendant
claimed that the child was conceived before the
judgment of divorce was entered and that plaintiff
was the father. After a nonjury trial, the circuit
court granted defendant the relief she sought, and
plaintiff appeals by right.

Plaintiff argues that defendant's claims should
have been resolved under the Paternity Act, MCL
722.711 *et seq.;* MSA 25.491 *et seq.,* and that he
was therefore entitled to a trial by jury, MCL
722.715; MSA 25.495. However, divorce actions are
tried under the procedures formerly utilized for
suits in courts of equity. MCL 552.12; MSA 25.92.
There is no right to a trial by jury in a suit in
equity. *Detroit Trust Co v Struggles,* 283 Mich 471,
477; 278 NW 385 (1938).

In a divorce action, the court has the power to
determine whether the husband is the father of
the wife's child. MCL 552.16; MSA 25.96; *Gallison
v Gallison,* 5 Mich App 460, 466-468; 146 NW2d
812 (1966); *Pruitt v Pruitt,* 90 Mich App 230, 233,
fn 1; 282 NW2d 785 (1979); *Smith v Robbins,* 91
Mich App 284, 292; 283 NW2d 725 (1979); *Gonzales
v Gonzales,* 117 Mich App 110, 114; 323 NW2d 614
(1982). After a judgment of divorce is entered, the
trial court retains jurisdiction to alter its judg-
ment concerning the care, custody, and mainte-
nance of children as changed circumstances may

* Circuit judge, sitting on the Court of Appeals by assignment.

require. MCL 552.17; MSA 25.97. On the other hand, the Paternity Act applies only to a child born to a woman who was not married from the conception to the date of birth of the child or a child who was born during a marriage but was not the issue of the marriage. MCL 722.711, subds (a), (b); MSA 25.491, subds (a), (b). Here the trial court found that the child was conceived during the marriage and that the child was the issue of the marriage.

Plaintiff relies on *Havens v Havens-Anthony,* 335 Mich 445; 56 NW2d 346 (1953). In that case, the Court held that, while MCL 552.17; MSA 25.97 would allow the judgment of divorce to be amended to make provision for the care, custody, and maintenance of a child of the marriage not mentioned in the divorce decree, the statute did not authorize a reopening of a divorce case for a determination of paternity. 335 Mich 452. However, the Court also pointed out that the question of paternity could not have been placed before the trial court on a motion for a rehearing of the judgment of divorce because such a motion would have been untimely and because, at least with regard to the mother, the existence of a child born before the judgment was entered could not be regarded as newly discovered evidence. 335 Mich 449-450.

Here, the evidence before the trial court showed that defendant was unaware of her pregnancy at the time the judgment of divorce was entered. The doctor who cared for defendant during the pregnancy testified that it had been difficult to determine when conception occurred because defendant had irregular menstrual periods but that an ultrasound test performed on November 3, 1979, when the doctor first examined defendant, had suggested

that defendant had been pregnant for about 11 weeks. Defendant's petition to modify the judgment of divorce was filed on June 18, 1980. This time sequence shows that here, in contrast to *Havens,* defendant's petition was filed within the time for obtaining relief from a judgment. See GCR 1963, 528.3. Moreover, here, in contrast to *Havens,* defendant's pregnancy and the evidence concerning the date of conception were newly discovered evidence. The time sequence noted above shows that defendant could not have discovered this evidence by due diligence in time to move for a new trial pursuant to GCR 1963, 527.2. Therefore, the trial court could amend the judgment of divorce pursuant to GCR 1963, 528.3 to include a determination of the child's paternity. While the trial court did not expressly resolve this issue in these terms, we have the power to do so pursuant to GCR 1963, 820.1(7).

Affirmed.