HARRIS v HARRIS

Docket No. 155690. Submitted June 3, 1993, at Detroit. Decided
August 2, 1993, at 9:25 A.M.

Samuel Harris brought an action in the Wayne Circuit Court
against Doris L. Harris, seeking an annulment of their mar-
riage on the ground of bigamy. A default was entered after the
defendant failed to answer, but the court, John A. Murphy, J.,
refused to grant the requested annulment, determining that
the equitable doctrine of clean hands precluded the parties
from seeking an annulment because they knew when they
married that the plaintiff was married to another woman. The
plaintiff appealed.

The Court of Appeals *held:*

1. MCL 552.3; MSA 25.83 requires a circuit court that is
presented with a petition for the annulment of a marriage
alleged to be void to determine the validity of the marriage
and, upon due proof of the nullity of the marriage, to declare
the marriage void.

2. A bigamous marriage is void under MCL 551.5; MSA 25.5
and MCL 552.1; MSA 25.81.

3. Equitable principles of estoppel and clean hands do not
prevent a party to a void marriage from seeking and obtaining
an annulment.

Reversed and remanded for a determination whether the
marriage is bigamous, and if so, for a declaration that the
marriage is void.

HUSBAND AND WIFE — ANNULMENT — BIGAMY.

A circuit court, upon a petition for the annulment of a marriage
on the ground of bigamy, must determine whether the mar-
riage is bigamous, and if so, must declare the marriage invalid
and grant an annulment; equitable principles of estoppel or
clean hands do not prevent a party to a bigamous marriage
from seeking and obtaining an annulment (MCL 551.5, 552.1,
552.3; MSA 25.5, 25.81, 25.83).

REFERENCES

Am Jur 2d, Annulment of Marriage § 4.

See ALR Index under Annulment of Marriage.

*Neil Strefling,* for the plaintiff.

Before: WEAVER, P.J., and MURPHY and JANSEN, JJ.

MURPHY, J. Plaintiff appeals from an order of the Wayne Circuit Court denying his request for an annulment of his marriage to defendant. We reverse and remand.

Plaintiff married Estelle Mills Harris in 1945. Although plaintiff never divorced Estelle, he nonetheless married defendant in Michigan in 1977. Plaintiff maintains that, at the time of his marriage to defendant, both he and defendant knew of his previous marriage and knew that he had not been divorced from Estelle. Plaintiff and defendant had one child, Samantha Harris, born March 4, 1978. Plaintiff's first wife, Estelle, died in 1986.

Plaintiff initiated this action by filing a complaint for annulment of his marriage to defendant. Defendant failed to respond, and a default was entered against her. The circuit court denied plaintiff's request for annulment, however, reasoning that, because the parties were aware that the marriage was bigamous at the time they were married, they were precluded by the equitable doctrine of clean hands from receiving an annulment.

Plaintiff challenges the authority of the circuit court to deny his request for annulment, given the statutory provisions in question and given that defendant has defaulted by failing to appear. We hold that the circuit court was obligated to determine whether the marriage was bigamous and, if so, to declare the marriage void.

MCL 551.5; MSA 25.5 provides:

No marriage shall be contracted whilst either of

the parties has a former wife or husband living, unless the marriage with such former wife or husband, shall have been dissolved.

MCL 552.1; MSA 25.81 provides, in pertinent part:

All marriages which are prohibited by law on account of consanguinity or affinity between the parties, or on account of either of them having a wife or husband then living, and all marriages solemnized when either of the parties was insane or an idiot, shall, if solemnized within this state, be absolutely void.

Thus, a bigamous marriage is void. *In re Meredith's Estate,* 279 Mich 298, 302; 272 NW 683 (1937); *Stevenson v Detroit,* 42 Mich App 294, 296; 201 NW2d 688 (1972); *Gallison v Gallison,* 5 Mich App 460, 462; 146 NW2d 812 (1966). Where a marriage is believed to be void, a party to the marriage may petition the circuit court for a declaration that the marriage is void. MCL 552.3; MSA 25.83 provides:

When a marriage is supposed to be void, or the validity thereof is doubted, for any of the causes mentioned in the two [2] preceding sections, either party, excepting in the cases where a contrary provision is hereinafter made, may file a petition or bill in the circuit court of the county where the parties, or one of them, reside, or in the court of chancery for annulling the same, and such petition or bill shall be filed and proceedings shall be had thereon, as in the case of a petition or bill filed in said court for a divorce; and upon due proof of the nullity of the marriage, it shall be declared void by a decree or sentence of nullity.

Similarly, MCL 552.4; MSA 25.84 provides:

When the validity of any marriage shall be denied or doubted by either of the parties, the other party may file a bill or petition in the manner aforesaid, for affirming the marriage; and upon due proof of the validity thereof, it shall be declared by a decree or sentence of the court; and such decree, unless reversed on appeal, shall be conclusive upon all persons concerned.

When interpreting statutes, our primary goal is to ascertain and give effect to the intent of the Legislature. *Mollett v Taylor,* 197 Mich App 328, 335; 494 NW2d 832 (1992). Where a statute is clear, judicial construction is not necessary, nor is it permitted. *Lorencz v Ford Motor Co,* 439 Mich 370, 376; 483 NW2d 844 (1992). In this case, the statute clearly states that where there is due proof that a marriage is invalid, the circuit court "shall" declare the marriage void. Thus, the circuit court in this case was required to determine whether the marriage was bigamous and therefore void. If it was, the circuit court was required by statute to declare the marriage void "by decree or sentence of nullity." MCL 552.3; MSA 25.83.

We appreciate the circuit court's concern regarding granting relief when both parties are alleged to have known at the outset that the marriage was bigamous and therefore both did not have clean hands. While we find no case in Michigan discussing this precise point, other jurisdictions are apparently split on the resolution of the issue. Although equitable concerns may come into play where a marriage is merely "voidable," the majority of courts appear to hold that equitable principles of estoppel and clean hands do not prevent a party to a void marriage from seeking and obtaining an annulment in court. 4 Am Jur 2d, Annulment of Marriage, § 44, p 469-470. Sound reasons can be advanced for granting an annulment in a

case such as this. First, bigamous marriages are void from the beginning and therefore need not be formally decreed to be void. Second, the concept of culpability has not been included in the relevant statutes in Michigan. See MCL 552.3; MSA 25.83. Third, refusing to grant an annulment would contravene public policy because it could be construed as essentially condoning bigamy.

We therefore hold that the circuit court was required by statute to determine if the marriage was bigamous and, if so, to declare the marriage void. We make no determination concerning property rights or child support obligations, because these issues are not before this Court.

Reversed and remanded. We do not retain jurisdiction.