McPEAK v McPEAK

Docket No. 109074. Decided May 19, 1998. On application by the plaintiffs for leave to appeal, the Supreme Court, in lieu of granting leave, vacated the judgment of the Court of Appeals and remanded the case to that Court for further proceedings.

Kristine S. McPeak and Kerry L. McPeak, daughters of Michael McPeak, deceased, brought an action in the Saginaw Circuit Court against Joann McPeak, the decedent's wife, alleging that Joann McPeak had used undue influence to induce Michael McPeak to execute a life insurance change of beneficiary form, making her the beneficiary, and that, at the time, he lacked sufficient mental capacity. The court, Lynda L. Heathscott, J., entered judgment on a jury verdict for the plaintiffs. The Court of Appeals, MARKMAN, P.J., and McDONALD and M. J. MATUZAK, JJ., reversed in an unpublished opinion per curiam, finding that the plaintiffs' action was equitable, and thus there was no right to a jury trial, and ordered a new trial (Docket No. 176584). The plaintiffs seek leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

It was improper to require a new trial because the case was submitted to the jury with the consent of the parties.

MCR 2.509(D) permits issues for which a jury trial is not available by right nonetheless to be tried by a jury with the consent of the parties. At no time did the defendant move to strike the jury demand or limit the issues that would be submitted to the jury or in any other way object to submission of the case to the jury.

Vacated and remanded.

*Douglas W. Taylor* for the plaintiffs-appellants.

*Braun, Kendrick, Finkbeiner, P.L.C.* (by *Scott C. Strattard*), for the defendant-appellee.

PER CURIAM. The defendant's late husband executed a change of beneficiary form regarding an insurance policy shortly before his death, making defendant the beneficiary. The plaintiffs, the deceased's children by

a prior marriage, had been the previous beneficiaries. They brought this action, claiming that at the time he signed the change of beneficiary form the deceased lacked the mental capacity to understand his actions, and that the defendant used undue influence to secure execution of the form.

The case was tried before a jury, which returned a verdict in favor of the plaintiffs. However, the defendant appealed, and the Court of Appeals reversed, ordering a new trial. It said that the complaint stated only equitable claims, and therefore it was improper to submit the case to the jury.

We conclude that, in view of the lack of objection to submitting the case to the jury, reversal was improper. We remand the case to the Court of Appeals for consideration of the issues that the Court did not reach in its decision.

I

Decedent Michael McPeak married defendant Jody McPeak in November 1990. Plaintiffs Kristine McPeak and Kerry McPeak were Michael's daughters from a previous marriage. About six months after Michael and Jody's wedding, Michael was diagnosed with a brain tumor. Despite two operations and other treatments, his condition deteriorated, and he died on April 26, 1992.

At issue in this action is a life insurance policy issued by Manufacturers Life Insurance Company in the amount of $250,000. The plaintiffs had been the named beneficiaries. However, on April 3, 1992, Michael McPeak executed a change of beneficiary form making Jody McPeak the beneficiary.

Following their father's death, plaintiffs brought this action in circuit court, alleging that at the time he signed the change of beneficiary form Michael McPeak did not have sufficient mental capacity to change beneficiaries, and that Jody McPeak used undue influence to induce him to do so.[1] In addition, in a count labeled "Intentional Interference With Prospective Advantage," the plaintiffs alleged that they were third-party beneficiaries of the insurance contract between the insurer and Michael McPeak, and that Jody McPeak tortiously interfered with their interests by inducing Michael McPeak to change beneficiaries. Plaintiffs were permitted to file an amended complaint to seek exemplary damages.

Counsel for plaintiffs filed a demand for a jury trial shortly after filing the complaint. Nothing in the record indicates that the trial court or any of the parties at any time questioned the appropriateness of a jury trial.

After a two-week trial, the jury returned a verdict in favor of the plaintiffs. Answering questions on a verdict form, it determined that Michael McPeak did not have sufficient mental capacity to change beneficiaries when he signed the form on April 3, 1992, and that defendant exerted undue influence on him, causing him to sign the form. The jury also answered affirmatively a question asking whether the defendant's actions inducing Michael McPeak to sign the change of beneficiary form were "malicious and so willful and wanton as to demonstrate a reckless disregard of Plaintiffs' rights[.]" The jury determined that

---

[1] Manufacturers Life Insurance Company was also named in the original complaint. It was later dismissed on stipulation of the parties.

Kristine and Kerry McPeak were entitled to exemplary damages in the amount of $500,000 each.

On May 2, 1994, the circuit court entered judgment in accordance with the verdict, awarding $250,000 in actual damages, exemplary damages in the amount determined by the jury, and several categories of interest.

After the circuit court denied the defendant's motions for judgment notwithstanding the verdict or, in the alternative, for a new trial or remittitur, the defendant filed a claim of appeal.[2]

II

The Court of Appeals decided the case in an unpublished per curiam opinion issued March 18, 1997, reversing and ordering a new trial.[3] The Court said that, while the parties had raised many issues on appeal, they did not address the one the Court of Appeals found to be determinative. The Court noted that both the parties and the trial court had treated plaintiffs' case as an action of law. However, the Court of Appeals found plaintiffs' action was in fact equitable, and thus there was no right to a jury trial. The Court explained:

Plaintiffs' first amended complaint contains what appears to be three separate counts or causes of action. The first count entitled "Jody McPeak, Lack of Mental Capacity-Constructive Trust," specifically states "plaintiffs have no adequate remedy at law and are entitled to equitable relief by way of imposition of a constructive trust on the insurance proceeds . . . ." Likewise, plaintiffs' second count "Jody McPeak, Undue Influence-Constructive Trust" sets

[2] Plaintiffs cross-appealed.
[3] Docket No. 176584.

forth an equitable claim as it again appears to request equitable relief. *Kent v Klein*, 352 Mich 652; 91 NW2d 11 (1958) (constructive trusts are equitable in nature). Plaintiffs' final count is entitled "Jody McPeak-Intentional Interference With Prospective Advantage." Although this count, if viable, set forth a claim at law, defendant contends, and plaintiffs do not dispute, the claim was abandoned before trial. In any event, this theory was not presented at trial.

Thus, at the time the matter was submitted to the jury, plaintiffs' claims were clearly equitable in nature. Although plaintiffs filed a demand for jury trial, there is no right to trial by jury in suits in equity. *Lynch v Lynch*, 127 Mich App 34; 338 NW2d 413 (1983); *Robair v Dahl*, 80 Mich App 458; 264 NW2d 27 (1978). This matter was therefore improperly submitted to a jury. [Slip op, p 2.][4]

### III

Even assuming the correctness of the Court of Appeals view that the plaintiffs' claims were equitable in nature, it was improper to order a new trial in the circumstances of this case. MCR 2.509(D) permits issues for which a jury trial is not available by right to nonetheless be tried by a jury with the consent of the parties:

> (D) Advisory Jury and Trial by Consent. In appeals to circuit court from a municipal court and *in actions involving issues not triable of right by a jury because of the basic nature of the issue, the court on motion or on its own initiative may*

---

[4] The Court said that many of the problems in the case, including the availability of exemplary damages, arose because of the improper posture of the action as one at law. The Court declined to address the availability of exemplary damages in an equitable action because the issue was not briefed or argued.

The Court did go on to address several of the remaining issues because of the likelihood that they would recur at retrial. A number of other claims were not addressed.

*(1)* try the issues with an advisory jury; or

*(2) with the consent of all parties, order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.* [Emphasis added.]

In this case, it does not appear that the parties or the trial court recognized that there were questions about the availability of a jury trial, and they did not explicitly invoke the provisions of the rule. However, there can be little doubt that the issues were tried before the jury with the consent of the parties. Plaintiffs filed a timely jury demand at the outset of the case. At no time did the defendant move to strike the jury demand or limit the issues that would be submitted to the jury. The pretrial order entered by the circuit court on December 16, 1992, expressly stated that this would be a jury trial. Each side participated in jury selection and submitted proposed jury instructions without raising any question about the appropriateness of doing so. The parties agreed on most aspects of the verdict form that was submitted to the jury. And, on appeal, the defendant did not raise any issue regarding submission of the case to a jury.

As the Court of Appeals suggested, it would have been better if the parties and the trial court had clearly focused on the nature of the plaintiffs' claims, not only regarding the jury trial question, but also as they affected other issues in the case. However, while that lack of focus may complicate the Court of Appeals review of other questions, it was improper to require a new trial because the case was submitted to the jury with the consent of the parties.

Accordingly, we vacate the judgment of the Court of Appeals and remand this case to that Court for

consideration of the other issues raised by the parties.

MALLETT, C.J., and BRICKLEY, CAVANAGH, BOYLE, WEAVER, KELLY, and TAYLOR, JJ., concurred.