O’Connell, J.
(concurring in part and dissenting in part). I concur with the majority’s well-reasoned opinion in all respects, except that I would not reverse and remand for factual findings by the trial court. The majority correctly notes that the trial court is usually the finder of fact in an equitable action, such as one for specific performance. However, MCR 2.509(D)(2) provides that in actions where no right to a jury exists, such as equitable actions, the court may, “with the consent of all parties, order a trial *308 with a jury whose verdict has the same effect as if trial by jury had been a matter of right.”
Additionally, our Supreme Court has held that where parties consent to a jury trial in equitable actions, the jury is an appropriate factfinder. McPeak v McPeak, 457 Mich 311, 315-316; 577 NW2d 670 (1998). In McPeak, the plaintiffs filed a jury demand in an equitable action, and the defendant did not move to strike the jury demand or to limit the issues to be submitted to the jury. Although neither the parties nor the trial court relied on MCR 2.509(D), the Court held that the case was properly submitted to the jury because the parties consented to a jury trial. The Court stated that while this may complicate appellate review of the case, “it was improper to require a new trial because the case was submitted to the jury with the consent of the parties.” McPeak, supra at 316.
I find McPeak to be controlling in this case. Here, plaintiffs filed a timely jury demand, and defendant never moved to strike that demand or to limit the issues to be submitted to the jury. Therefore, the parties consented to a jury trial, and under MCR 2.509(D), the jury was an appropriate factfinder in this case.[1] The jury concluded that no contract existed between the parties. Therefore, the trial court may not now determine whether a contract existed, i.e., whether defendant’s response to plaintiffs’ offer *309 constituted an acceptance or a counteroffer. It is a waste of judicial resources to remand to the trial court to make findings of fact on this issue when an appropriate factfinder has already resolved the issue by finding that no contract existed.[2]
I would therefore affirm the decision of the trial court and respect the verdict of the jury.

 The majority concludes that it was unclear whether the parties consented to a jury trial of this equitable issue. However, by consent, I mean that plaintiffs requested a jury trial and did not ask the court to limit the issues presented to the jury. Plaintiffs may not now complain that the jury should not have decided this issue. To hold otherwise is to allow plaintiffs to harbor error as an appellate parachute. People v Fetterley, 229 Mich App 511, 520; 583 NW2d 199 (1998).

 I additionally note that MCR 2.509(D)(1) provides yet another procedural option for a trial court in equitable actions—the court may try the issues with an advisory jury. This option may be pursued on the court’s own motion and without the consent of the parties. In this case, even if the parties did not consent to a jury trial, I would hold that the jury’s conclusion that no contract existed should be adopted as though the jury had been acting in an advisory capacity. Although this Court presumably may not decide whether the jury’s advice should be taken, I note that, on remand, the trial court is free to accept the jury’s finding that no contract existed as its own factual finding as a court in equity.